The plaintiffs, by accepting the award of the commissioners, affirmed the constitutional validity of the statutes under which the proceedings were taken for widening Church street, including the provisions for making compensation to the owners, for lands taken for the improvement. They cannot after such acceptance, deny that just compensation was provided by these statutes, and their claim to recover interest on the award cannot be sustained unless the right to it is given by the statutes referred to.
The report of the commissioners of estimate and assessment was confirmed December 31, 1867. By the terms of the act of April 9, 1813, (chap. 86, § 178), the corporation upon the final confirmation of the report of the commissioners, becomes seized in fee of the lands mentioned in the report, required for the purposes of the street, and is authorized immediately, or at any time thereafter, to take possession of the same; and by section 183, is required, within four months after such confirmation, to pay the sums awarded by the commissioners, and in case of neglect or default to make such payment, the persons entitled theretoafter application first made to the corporation for payment, are authorized to sue for and recover the award with interest, from the time of the application. The plaintiffs in this case made application for the payment of the award December 7, 1868. This was more than four months after the confirmation of the report, and if the provision in respect to interest contained in this section was in force when the proceedings for widening Church street were taken, the plaintiffs were entitled to interest on the award from that time. The act of 1813 did not provide for the payment of interest on awards for the four months succeeding the confirmation of the report, although, meanwhile, the corporation may take possession of the lands for which awards were made.
The payment of the awards was deferred, as is apparent *Page 536 
from the other provisions of the act, to enable the city to collect, through the machinery of assessments upon the property benefited by the improvement, the means of payment. I perceive no constitutional objection to the provision deferring the payment of compensation awarded for private property taken for public use, for a time sufficient to enable the State or a municipality to collect, by the process of taxation provided in the act, the money required for its payment, although, meanwhile, no interest is allowed, and the public assumes possession. If, however, such an objection would be valid in any case, it does not apply to the act of 1813, for the reason stated by PECKHAM, J., in Detmold
v. Drake (46 N.Y., 320) that the authority given to the commissioners is to be construed as authorizing them to estimate the damages and compensation in view of the fact that the period of four months would elapse before payment could be demanded, and that they are presumed to have acted upon this construction of the law.
The act of 1818 (chap. 206) made a material alteration of the act of 1813, affecting the question in controversy. By the first section, the mayor, aldermen and commonalty of New York were authorized to "suspend the opening, etc., of any street," ordered to be opened under the act of 1813, for such time or times as they shall think proper, not exceeding fifteen months in the whole, after the confirmation of the report of the commissioners. It further provided that the "mayor, aldermen and commonalty should not be required to pay any sums of money which may be awarded to any person on account of the opening of any such street, until the expiration of four months after the expiration of the times which may be appointed by them as aforesaid for carrying the said improvements into effect." This statute was considered by this court in Detmold v. Drake, and it was held that the owner of land taken for street purposes was, by force of this act, entitled to the possession until the expiration of fifteen months after the confirmation of the report of the commissioners, unless the corporation sooner elected *Page 537 
to take possession and proceed with the improvement. The right of the owner to the possession was deemed to result from the fact that compensation was not provided for the time during which the corporation should suspend the proceedings, and as it could not be known by the commissioners whether any suspension would occur, or for what time it would continue, they had no power to award, and could not be deemed to have awarded compensation with reference to it. It was upon the ground that the owner was entitled to the rents and profits of the land during the fifteen months, or to such period within that time as the corporation should suspend the proceedings, that it was held that the plaintiff in that case was entitled to recover for the use and occupation of the land by the defendant after the confirmation of the report. The city, under the act of 1818, acquires upon confirmation of the report the fee in the land taken, subject to the right of possession in the owner to the time the corporation, by some affirmative act, indicates an intention to proceed with the improvement. If no action is taken by the city, then, at the expiration of fifteen months from the confirmation of the report, the right of the owner to possession terminates, and vests in the corporation. In Detmold v. Drake, there had been no suspension of the proceedings by any affirmative action of the corporation, and I think that they are, within the act, suspended, if the corporation makes no attempt to exercise any dominion over the property taken for the improvement. If the fifteen months is allowed to elapse, that will be deemed the time appointed by the corporation for proceeding under the act. These views are decisive against the right of the plaintiffs to recover in this action. The fifteen months from the confirmation of the report of the commissioners expired April 1, 1869. No action was taken by the city in the proceedings after the confirmation, until March, 1869. Meanwhile, the plaintiffs remained in possession of the land. The award was paid June 12, 1869, less than four months thereafter. By the act of 1818, the debt did not become payable until *Page 538 
the expiration of the four months, and no liability for interest before the debt is payable is imposed by the terms of the statute. It would require very clear evidence of legislative intent to warrant such a construction of the statute as would give the owner both the use of his land and interest upon the purchase-money, and this is substantially the construction claimed by the plaintiffs, in respect to the time which elapsed between December 10, 1868, when payment of the award was demanded, and the 1st of March, 1869, when further proceedings were taken by the city. In fact, the plaintiffs remained in possession until the award was paid. If the plaintiffs had surrendered possession on the 1st of March, 1869, they would not have been entitled to interest on the award if paid within four mouths thereafter, for the reason that this absolute term during which payment might be deferred, must, within the reasoning inDetmold v. Drake, be deemed to have been taken into account by the commissioners in making their award. The statute in effect substitutes the right of possession during the fifteen months for interest on the award, and while it may not in all cases secure to the owner exact indemnity, it furnishes a rule easy of application, and which, on the whole, may not work injustice.
The order of the General Term should be affirmed, and judgment absolute rendered against plaintiffs with costs.
All concur.
Judgment accordingly.