GEORGE C. GENET, Appellant, *v.* THE CITY OF BROOKLYN, Respondent.

THIS action was brought to have certain assessments upon lands in the city of Brooklyn for the widening and improving of Sackett street, under the act chapter 631, Laws of 1868, set aside and declared void, and in the alternative to recover $9,572 against the city, the amount of an award made by the commissioners of estimate and assessment for land, part of the lot assessed, taken for the improvement.

The court below decided against plaintiff upon both points, and directed a dismissal of the complaint.

The claim to set aside the assessment was based upon the ground that said act made no adequate provision for compensation, and so was unconstitutional, and that as there was no legal taking of the land, the assessment based thereon was unconstitutional and void. The court here say as to this, and as to the question of the liability of the city for the assessment: "The case of *Sage* v. *City of Brooklyn* (89 N. Y. 189), decided after the decision of this case, fully meets this point, and holds that the act did impose a direct liability upon the municipality to pay the awards made in the proceedings, and upon this ground the court sustained the constitutionality of the act. Upon the case as now presented, therefore, the plaintiff was not entitled to have the assessment set aside, and this relief was properly refused.

In disposing of the other question, to-wit, the claim of the plaintiff for judgment against the city for the amount of the award, the court based its decision upon two propositions: *first*, the lands taken for the widening of Sackett street were not taken by the city, and *second*, that the city was subjected to

no liability for the payment of the award. The case of *Sage* v. *City of Brooklyn* decides both of these propositions adversely to the defendant. It was held that the improvement was a municipal improvement, and also, as before stated, that the city became liable to pay the awards to the land owners. The judgment of the court denying the plaintiff's right to a judgment for the award, cannot be supported on the grounds upon which it proceeded, and we think the case for this reason must go back for a new trial."

It was insisted on behalf of the defendant that assuming the liability of the city to pay the awards to the land owners, there is nevertheless a right of set-off of unpaid assessments against awards, in cases of awards to persons who are also assessed for benefits, and that the plaintiff's assignor in this case having been assessed for benefit to his other land, resulting from the widening of Sackett street, this plaintiff as assignee can only recover the excess, if any, of the award over the assessment.

The court say : " This presents an important question. But it was not raised by the answer nor litigated on the trial, and there are no facts found which would justify the court in now deciding it.

The determination of the question between the parties requires a careful examination of the charter acts of the defendant, and of the various special statutes relating to the improvement, as well as a precise knowledge of the particular facts in respect to the assessments in question. We express no opinion on the point ; upon a new trial the pleadings may perhaps be amended and the question properly raised."

*George C. Genet*, appellant, in person.

*John A. Taylor* for respondent.

ANDREWS, J., reads for reversal and new trial.
All concur.
Judgment reversed.