RUTH MᶜCORMACK, Respondent, v. THE CITY OF BROOKLYN Appellant.

Under and by the act "to widen and improve North Second street in the city of Brooklyn" (Chap. 559 Laws of 1871), the duty is imposed upon the city to provide compensation for land taken for the improvement.

Where, therefore, the city failed within a reasonable time to make such provision *held,* an action was maintainable against the city to recover the amount of compensation fixed by the commissioner appointed under the act for land so taken.

(Argued December 7, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made December 23, 1884, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

This action was brought by plaintiff, as assignee of James J. MᶜCormack, to recover awards made for lands of the assignor taken under the act (Chap. 559 Laws of 1871), for the improvement of North Second street, in the city of Brooklyn.

Commissioners were duly appointed under the act "to award damages and compensation to the owners" of land taken, who made their report which was duly confirmed, but no steps were taken on the part of the city to apportion, assess or collect the amount awarded.

Further facts appear in the opinion.

*Almet F. Jenks,* for appellant. The right to awards is only fixed after the report of the assessors which follows the report of the commissioners in the procedure is confirmed. (*Genet* v. *City of Brooklyn,* 99 N. Y. 296, 303; Laws of 1862, chap. 63.) The duty is cast upon the assessors directly by statute, and for their neglect the city of Brooklyn is not liable. (*N. Y. & S. W. Co.* v. *City of Brooklyn,* 71 N. Y. 580; *Lorrilard* v. *Monroe,* 11 id. 392; *Maximilian* v. *Mayor, etc.,* 62 id. 160.) The plaintiff's remedy would be *mandamus* to

·compel the assessors to act in accordance with the provisions of said act. (*People ex rel. Gas-light Co.* v. *Common .Council, etc.,* 78 N. Y. 56.) The postponing of compensation until .after the laying of tax is not unconstitutional. (*Hamersley* v. *Mayor, etc.,* 56 N. Y. 533.) If plaintiff sue for the award she must rely upon the provisions of the charter, because it is ·only by these provisions that the city becomes liable. (Charter, chap. 384, Laws 1854, title 4, p, 866, § 15, being amended by chap. 63, Laws 1862.)

*Joshua M. Van Cott* for respondent. On confirmation of the awards, the owner became entitled to receive and the defendant obligated to pay them. The act of 1871, *propria vigore,* appropriated and took the land. (*Matter of Sackett .St.* 74 N. Y. 95; *Sage* v. *Brooklyn,* 89 id. 189, 197, 201; *Spears* v. *New York,* 87 id. 359, 368.) The taking being ·complete, the owner's right to compensation vested immedi- .ately. (*Clarke* v. *Miller,* 54 N. Y. 528, 533; *Genet* v. *Brooklyn,* 94 id. 695; *United States* v. *Great Falls Mfg. Co.,* 112 U. S. R. 646; art. 14, § 1, Const. U. S.; art. 1, §§ 1, ·6, 7, Const. N. Y.) The amount of compensation having been ascertained and fixed, the city is bound to pay it. ·(*Gardner* v. *Village of Newburgh,* 2 J. Ch. 168; *People ex rel. Utley* v. *Hayden,* 6 Hill, 359; *Chapman* v. *Gates,* 54 N. Y. 146; *Sage* v. *Brooklyn,* 89 id. 189; *Genet* v. *Brooklyn,* 94 id. 695.) The defendant is also liable on the ground of gross neglect, it having willfully and persistently failed to perform its duty to the plaintiff. (*Adsit* v. *Brady,* 4 Hill, 630; *Hover* v. *Barkhoof,* 44 N. Y. 113; *People* v. *Supervisors of Otsego,* 51 id. 401; *Clarke* v. *Miller,* 54 id. 528; *Baldwin* v. *City of Oswego,* 2 Keyes, 132; *Genison* v. *City of Buffalo,* 1 id. 454; *McCullough* v. *Brooklyn,* 23 Wend. 458, 460; *Cummings* v. *Brooklyn,* 11 Paige, 596; *Kelly* v. *Brooklyn,* 4 Hill, 263; *Beard* v. *Brooklyn,* 31 Barb. 142; *Paulding* v. *Cooper,* 10 Hun, 20; *S. C.* affirmed, 74 N. Y. 619; *Buck* v. *Lockport,* 6 Lans. 251; *Quin* v. *Buffalo,* 26 Hun, 235; *Reilly* v. *City of Albany,* 40 id. 405; *Smith* v.

*Buffalo*, 44 id. 156 ; *Sage* v. *Brooklyn*, 89 N. Y. 189; *Genet* v. *Brooklyn*, 94 id. 695; *United States* v. *New Orleans*, 98 U. S. 392, 398 ; *United States* v. *Fort Scott*, 99 id. 152, 159.) It is not within the nature and definition of the legislative taxing power, nor competent to it, to take specific property *in limine*, or otherwise, than by way of retribution or forfeiture or distress for a taxpayer's default. (Blackstone's Introduction to the Charters; Hale's *De Jure Maris*, pt. 3, pp. 115 to 248 [in 1 Hargrave's Law Tracts], "concerning the customs of goods imported and exported" ; *Bates Case*, 2 Howell's State Trials, 371 ; *The Great Case of Impositions*, id. 407, 478 ; *The Great Ship Money Case*, 3 Howell's State Trials, 826 ; Broom's Constitutional Law, 247 to 305, on *Bates Case*, and 306 to 408 on *Hampden's* [Ship Money] *Case*.) If the taking of specific property *in limine*, by way of tax, is not unconstitutional merely because it transcends the taxing power as interpreted by immemorial usage in England and America, it is, nevertheless, repugnant to the constitutional provision of 1846, regulating the eminent domain. (99 N. Y. 304; *Brown* v. *United States*, 6 Court of Claims R. 173.) The Constitution of the state pledges the public faith for the payment of awards made for property taken for public use. It is not competent for the taxing power to tax this obligation, or to authorize the taking of it, or the withholding payment of it for a tax. (*Augusta* v. *Dunbar*, 50 Georgia R. 387 ; *Miller* v. *Wilson, Tax Receiver*, 60 id. 305 ; *Jelison* v. *Lee*, 3 W. & M., 376 ; *Weston* v. *Charleston*, 2 Peter's U. S. R. 452 ; *Murray* v. *Charleston*, 96 U. S. 432.)

Danforth, J.   The effect of the statute " to widen and improve North Second street in the city of Brooklyn " (Laws of 1871, chap. 559), was to deprive the assignor of the plaintiff of his land and commit the same to the city burdened with the duty of providing compensation for the land so taken. (*Sage* v. *City of Brooklyn*, 89 N. Y. 189.) The learned counsel for the appellant, however, claims that the principle on which that case was decided does not apply, and puts his

contention upon a manifest difference in the scheme formulated by the statute above cited, from that of the statute (Laws of 1868, chap. 631) then under consideration.

Under the act of 1868 (*supra*) a single board, that of commissioners of estimate and assessment, ascertained the damages of the land owner and apportioned and assessed the same upon the property benefited within an assessment district already fixed by the commissioners of Prospect Park. The balance of damages sustained, over the benefits derived by him from the improvement, constituted the award, and after confirmation was the sum for which the city was liable, and which it was expressly provided (§ 16, tit. 4 of the act of 1854, *supra*, p. 867), the city comptroller should pay. The act of 1871 commits to commissioners the duty of ascertaining the damages incurred by and the compensation to be paid to land owners, but does not empower them to make any assessment thereof, and the claim of the respondent is that by adopting the provisions of the charter in regard to street openings (Laws of of 1854, *supra;* amendments of 1862, p. 189, § 15), the statute of 1871 (*supra*) imposes that duty upon the board of assessors of the city, who are to spread the same over the lands and premises benefited by the improvement within the district of assessment fixed by them in proportion to benefits thereto, and until that body acts upon and deals with and reports the matter, no liability of payment attaches to the city. If that is so the plaintiff in 1887 is little, if any, better off than her assignor was in 1871, when by the peremptory action of the supreme law of the land his property was taken and devoted to the uses of the municipality which is appellant here. Such a result, in view of a constitutional provision which in such cases requires compensation, and in view of a statute which evidently provided for it, could hardly be anticipated. Nor does the law require it. The argument of the appellant assumes improperly as I think, that by reason of the provision in the act of 1871 (§ 2), which refers to the laws then in force in relation to the opening of streets in the city of Brooklyn, the rights of land owners to awards made in their favor could

not become fixed until action was had by the assessors in ascertaining and stating balances arising from damages and benefits.   The act of 1871 (§ 2, *supra*), directs the commissioners to ascertain "the amount of damages by and the compensation to be paid to all persons whose property shall be taken or affected by the statutory improvement."

It is obvious from every provision of the act that in each step of the proceedings made necessary by the appropriation of land under the statute the legislature intended the city should be the actor.   It provides, *first*, that the street commissioner shall cause a map of North Second street, as the same is widened by statute, to be made and filed in his office; that the grade of the street so widened shall be altered, and that the grade lines of certain other streets intersecting with it shall be made to conform thereto; defines the width of the carriage-way and sidewalks, and names the width which may be allowed for stoops, doorsteps and areas of adjoining houses, and leaves its pavement to be of such sort as in the discretion of the water commissioners of the city shall seem best.

The learned trial court found that the street commissioners complied with the statute in regard to the map of the street as widened, that proper maps, showing the various grades above referred to, were made and filed; and that the city paid for the making of the maps.   The statute (Laws of 1871, § 2) also makes it the duty of the corporation council to procure the appointment of commissioners to ascertain the expenses of the map and the drawings, and compensation to be paid to the land owners.   The trial court found that this was done and commissioners appointed, who reported among other things the damages sustained by the plaintiff's assignor by reason of the taking of his land and his buildings thereon by widening the street — in all $8,000; and also that this report was confirmed by the Supreme Court in November, 1876.   The court also found that the board of assessors of the city of Brooklyn never fixed a district upon which should be assessed the said expenses and damages of the said widening, as required by the fourth

section of the said act, and never apportioned and assessed the amount of said expenses and damages, as required by the fifth section of the said act, and never apportioned and assessed the amount of said expenses and damages, or any part thereof, in any way whatever.

Upon the facts displayed by these findings the argument of the learned counsel for the appellant attaches. In support of it we are cited to the provisions of section 15 of the act of 1854 (p. 866, *supra*), as amended by the seventeenth section of the act of 1862 (p. 189, *supra*). That section forms part of the charter, is one of the provisions of title 4 of that act relating to " assessments for public or local improvements," and taken as a whole makes somewhat difficult a beneficial application to the statute of 1871 (*supra*), so far as their premises relate to the rights of a land owner. The act of 1871 (§ 2), after providing for the appointment of commissioners to appraise the expenses of the improvement and damages caused thereby, declares: " From and after the appointment of such commissioners, the laws now in force in relation to the opening of streets in the city of Brooklyn shall apply to the proceedings of the said commissioners and to the widening of North Second street, as aforesaid, and to all powers, duties, rights and remedies touching the same on the part of the said commissioners, and of the officers of the said city or other public officers, or of any other parties or persons in the same manner and to the same extent as if the said North Second street was widened in pursuance of such laws, excepting, nevertheless, so far as the said laws are inconsistent with the provisions of this act."

It is first to be noted that the laws so referred to are to be incorporated into the act of 1871 only so far as they are consistent with the provisions of that act. Therefore, as it was the duty by statute of the city, by its counsel, to procure the appointment of commissioners under section 2 of the act of 1871, and supervise their action and procure a confirmation of their report, so it was the duty of the city, under the act of 1854 (as amended in 1862), to deliver their report, together

with the map, to the board of assessors, "whose duty," the statute says, "it shall be to apportion and assess the expenses of the improvement as determined by the report of the said commissioners upon the lands and premises benefited, or intended to be benefited by the improvement, within the district of assessment, in proportion to the benefit derived by such lands and premises respectively thereby." It then defines how this shall be done. So far, it is not inconsistent with the act of 1871. These provisions, however, were in the interest of the city to which the land had been set apart, and it was its duty to see to it that, within a reasonable time, the action of the assessors should be made effectual. So far as the statute declares that "if the said board of assessment shall, instead of making out an assessment list as aforesaid, merely report that the lands and premises within the assessment district are not benefited to the amount estimated by the said commissioners for the expenses of the improvement, as the said board of assessors may and shall do, if in their judgment such be the fact, the court shall, upon the presentation of such report for confirmation, order the proceedings for said improvement to be discontinued, and thereupon all proceedings had in relation thereto shall be null and void, and the city of Brooklyn shall in no case be liable in relation thereto," it can have no application to the proceedings under the act of 1871, because the abandonment is impossible. The land in question had already been taken by force of the statute, and the proceedings under it stand upon the authority of the legislature. Neither the act of the assessors in so reporting, nor the omission or negligence of the city in prosecuting the proceedings, can deprive the land owner of his right to compensation. To it he is entitled. The principle upon which the liability of the city was declared in the *Sage Case* (*supra*) appplies here and requires an affirmance of the judgment from which the appeal was taken.

All concur, except RUGER, Ch. J., and EARL, J., dissenting.
Judgment affirmed.