Clement, Ch. J.
It is not necessary to decide in this case the question whether the city is liable for interest on awards where the assessments have been laid and a balance *746 struck and the proceedings completed pursuant to the charter. Under the act widening North Second street the awards were made on November 9,1876, and the board of assessors have since failed to perform their duty. The court of appeals have held (McCormack v. City of Brooklyn, 108 N. Y., 49; 12 N. Y. State Rep., 817), that neither the omission nor negligence of the city in prosecuting these proceedings can deprive the land owner of his right to compensation, and it seems clear that the same reasoning by which the city was held liable to pay the awards, applies to the claim for interest on such awards. This point was involved in the Sage, Genet & McCormack cases, and has not heretofore been raised by the counsel for the city, and, further, it has been the custom to pay interest where the balance has been struck and where the awards were made before the charter of 1873. While this is not conclusive, I should hesitate at the trial term to disturb such custom, which seems to conform to right and to the spirit of the constitution of this state. The above statement applies to awards in proceedings which have been completed, but this case is much stronger, in view of the fact that the plaintiff was deprived of his land in 1871, and in view of the negligence of the board of assessors for a period of over twelve years since the supreme court confirmed the report of the commissioners of awards.
The plaintiff is entitled to judgment for the amount of the award, with interest from March 12, 1877. I allow three months as a reasonable time for the assessors to have completed their work, and thirty days thereafter which, by the charter of 1873, may be determined as a just time from which interest should be computed.
Judgment accordingly. Findings and requests to find may be submitted on two days’ notice. This decision applies to all other similar cases before me.