OWEN DONNELLY, Appellant and Respondent, *v.* THE CITY OF BROOKLYN, Appellant and Respondent.

Under the provisions of the act of 1871 to widen and improve North Second street in the city of Brooklyn (Chap. 559, Laws of 1871), and the laws then in force in relation to the taking of private property for street purposes (Chap. 384, Laws of 1854; chap. 63, Laws of 1862), which, by the terms of said act, are made applicable to proceedings under it, an award of damages to a land owner is binding upon the city, although no assessment for benefits was made or attempted.

Where no assessment has been made, and the making thereof has been unreasonably delayed, the land owner is entitled to recover the full amount of his award.

An action by the land owner to recover such amount is not based upon the negligence of the city, and so is not barred by the expiration of six years after the city has permitted a reasonable time to elapse for perfecting its assessment.

The basis of the action is the taking of the land, and the negligence of the city is important only in respect to the effect it may have in depriving it of a possible defense that the award was imperfect and not obligatory upon it to its full extent.

Such an award, when confirmed by the court, is a judgment within the meaning of the Statute of Limitations, the immediate enforcement of which is, for a time, suspended by the option given to the city to make payment or reduction by assessment, if made within a reasonable time, and so an action to recover the same is not barred until after the lapse of twenty years.

*It seems,* the time for payment under the law is extended so long as the right to make assessments remains.

*It seems,* also, the time may be fixed by the land owner, either by mandamus proceedings, by action, or a formal demand for damages.

Where the land owner was left in the undisputed possession and use of the property condemned, *held,* that until he took steps to fix the liability of the city, it was not liable for interest on the award, and, therefore, where no proceedings by mandamus had been taken, that the city was only liable for interest from the time of the presentation of his claim by plaintiff and a demand for payment.

(Argued February 25, 1890; decided April 15, 1890.)

CROSS APPEALS from judgment of the General Term of the City Court of Brooklyn, entered upon an order made September 17, 1889, which modified and affirmed as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to recover the amount of an award and interest thereon, made for lands belonging to plaintiff taken by the defendant in proceedings under the act to widen and improve North Second street in the city of Brooklyn. (Chap. 559, Laws of 1871.)

The facts are sufficiently stated in the opinion.

*Almet F. Jenks* for appellant and respondent. The suit at the time it was commenced could only be maintained for negligence. (Laws of 1871, chap. 559, §§ 1, 6, 7; Laws of 1854, chap. 860, §§ 1, 6, 7; Laws of 1862, chap. 62; *Genet* v. *City of Brooklyn,* 99 N. Y. 296; Laws of 1862, chap. 189, § 15; *Sage* v. *City of Brooklyn,* 89 N. Y. 190; *McCormack* v. *City*

*of Brooklyn*, 108 id. 53; *In re Anthony St.*, 20 Wend. 620.) The decisions of this court in point cannot be reconciled, unless this action is for negligence. (*Sage* v. *City of Brooklyn*, 89 N. Y. 190; *Genet* v. *City of Brooklyn*, 99 id. 296; *Taylor* v. *City of Brooklyn*, 108 id. 616; *Reilly* v. *City of Albany*, 112 id. 30; *McCullogh* v. *Mayor, etc.*, 23 Wend. 458; *Swift* v. *Mayor, etc.*, 83 N. Y. 528; *Hunt* v. *City of Utica*, 18 id. 442; *Baker* v. *City of Utica*, 19 id. 326; *Baldwin* v. *City of Oswego*, 1 Abb. Ct. App. Dec. 62.) If the action be based upon negligence the Statute of Limitations pleaded is good. (Code Civ. Proc. 382.) The General Term was right in holding that the plaintiff's interest only ran from the time of the demand. ( *Whiteman* v. *U. S.*, 23 U. S. Ct. of Claims, 145; *Harvey* v. *U. S.*, 18 id. 489; *Tillson* v. *U. S.*, 10 Otto, 43; *People ex rel.* v. *Bank Comrs.*, 5 Den. 401; *Paule* v. *Mayor, etc.*, 7 Daly, 144; *Taylor* v. *Mayor, etc.*, 67 N. Y. 94; *Phillips* v. *Cudlipp*, 50 How. Pr. 363, 365; *Hammersley* v. *Mayor, etc.*, 56 N. Y. 535; *Robbing* v, *Lincoln Co.*, 3 Mo. 57; *Skinner* v. *Platt Co.*, 22 id. 437; *State* v. *Trustees, etc.*, 61 id. 155.)

*Joshua M. Van Cott* for respondent and appellant. The main question on this appeal is *stare decisis*. (*Sage* v. *City of Brooklyn*, 89 N. Y. 189; *Spears* v. *Mayor, etc.*, 87 id. 359; *McCormack* v. *City of Brooklyn*, 108 id. 49; *Chase* v. *Chase*, 95 id. 379; *Eaton* v. *Alger*, 47 id. 345; *Lahr* v. *M. E. R. Co.*, 104 id. 287; Const. art. 1, §§ 6, 7.) The defense, under the Statute of Limitations, was properly overruled. (Const. N. Y. art. 1, §§ 6, 7; Laws of 1871, chap. 559; *Striker* v. *Kelly*, 7 Hill, 9, 19; *Embury* v *Conner*, 3 N. Y 523; 2 Den. 323; *Dolan* v. *Mayor, etc.*, 62 N. Y 472; *In re Parks*, 73 id. 565; 92 id. 669; 101 id. 288; 49 id. 150; 2 Wall. 196; *Mayor, etc.*, v. *Colgate*, 12 N. Y. 140; 60 id. 28; *Fisher* v. *Mayor, etc.*, 67 id. 73; *Davidson* v. *City of New Orleans*, 96 U. S. 97, 104; *In re R. R. R. Co.*, 67 N. Y. 249; *Schneider* v. *McFarland*, 2 id. 463; *Cole* v. *U. S.*, 91 U. S. 367, 375; Wood on Lim. 341, § 172.) Judicial awards being judgments,

the statutes prescribing the recovery of interest apply to them. (U. S. R. S. § 966 ; *Klock* v. *Robinson*, 22 Wend. 157 ; Code Civ. Pro. § 1211; *O'Brien* v. *Young*, 95 N. Y. 243; *Mayor, etc.*, v. *Lord*, 3 Hill. 426.)   The right to interest, if payment of the award is deferred and the delay is not otherwise compensated for, is conferred by the Constitution itself.   (89 N. Y. 109 · 54 id. 146; 6 Hill, 359; 112 U. S. 646; *Parks* v. *City of Boston*, 15 Pick. 98; 7 Allen, 313; 105 Mass. 305; 125 id. 1: 127 id. 571; 68 Penn. St. 45; 41 id. 463–470; 40 N. J. L. R. 11; Lewis on Em. Dom. §§ 477, 499: Mills on Em. Dom. § 175; *McKee's Case*, 95 U. S. 442; 66 Penn. St. 132; 68 id. 45, 48, 49; 5 Wright, 463; 3 South. on Dam. 465; Dillon on Mun. Corp. § 506.)   Where interest is stipulated by contract, it is recovered (as interest or damages) according to the contract.   Where interest is not stipulated by contract, but default is made, to pay a liquidated debt when due, interest is recoverable as damages from the date of default.   (*Van Rensselaer* v. *Jewett*, 2 N. Y. 135, 140 ; 78 id. 393: 2 Burr. 1077, 1085 ; 3 Cow. 393: 5 id. 587; *U. S.* v. *Sherman*, 96 U. S. 562; *Clark* v. *Miller*, 54 N. Y. 528; *Smith* v. *City of Buffalo*, 44 Hun, 156; *Reilly* v. *City of Albany*, 112 N. Y. 30: *Cummings* v. *Mayor, etc.*, 11 Paige, 596; *Sage* v. *City of Brooklyn*, 89 N. Y. 189; *McCormack* v. *City of Brooklyn*, 108 id. 49.)   The General Term erred in reducing the interest included in the judgment, and holding that it did not begin to run on the award until the filing of a claim with the comptroller.   (Laws of 1866, chap. 563, § 1; Laws of 1888, 1109, chap. 583, § 30 ; 89 N. Y. 507; 54 Penn. St. 94; 3 McLean, 472, 479; *Thorndike* v. *U. S.*, 2 Mason, 1; *Bidelman* v. *State*, 110 N. Y. 232, 237; *McMaster* v. *State*, 108 id. 542; *People ex rel.* v. *Canal Comrs.*, 5 Den. 401; Dillon on Mun. Corp. § 506; *Buel* v. *Village of Lockport*, 9 N. Y. 55.)   There is no legal color for a suggestion that the plaintiff was indemnified for his loss of interest by a continuance in possession of the fifteen feet strip taken from the front of his lot and house by the act of 1871.   (2 Hill, 342; 6 id. 362; *Lahr* v. *M. E. R. Co.*, 104 N. Y 290.)

RUGER, Ch. J.    The defendant appeals from a judgment which affirmed, with a modification in regard to interest, a judgment of the trial court awarding to plaintiff the damages appraised for the appropriation by the defendant, under the right of eminent domain, of his real estate in Brooklyn, for the purpose of widening North Second street.

The sole point made upon the defendant's appeal is the bar of the Statute of Limitations.    Its claim is that the gravamen of the complaint is for damages occasioned by the negligence of defendant's assessors in omitting to make an assessment upon the plaintiff's property for the benefits derived from the improvements referred to, and, therefore, the action being based upon such negligence, that the limitation of six years applies and bars the action.

The plaintiff also appeals from the judgment, and claims that so much of the decision of the General Term as reverses the allowance of interest made by the Special Term and restricts his right to recover therefor to the time following the presentation of his claim and a demand for its payment, is erroneous.    His contention is that the action is founded upon a judgment which, although capable of being reduced by an assessment for benefits, still becomes a liquidated demand payable absolutely upon the neglect of the assessors to make an assessment within a reasonable time and thereby effect a reduction of the award, and that interest runs from the time such reduced award becomes payable.    It is claimed by the plaintiff that all of the questions involved in this case, except that of interest, have been settled in his favor by the decision of this court in *McCormack* v. *City of Brooklyn* (108 N. Y. 49), and it is quite clear that, so far as the material questions are concerned, the claim is well founded.    A reference to that decision, as well as to some others recently considered in this court, affecting the liabilities of the city of Brooklyn under statutes authorizing the taking of private property for street purposes, will serve to narrow the range of discussion and determine the extent to which the principle of *stare decisis* should be applied in this case.

The following, among other propositions, may be considered to have been established by the cases referred to :

First. That the effect of chapter 559, Laws of 1871, "to widen and improve North Second street" in the city of Brooklyn, as well as other similar acts, is *ex propriore vigore* to condemn the land therein described for the purposes of the improvement provided for, and to authorize the city to appropriate such land to such purposes, subject to the obligation on its part of making compensation therefor as provided by the act. (*McCormack* v. *City of Brooklyn*, 108 N. Y. 49 ; *Sage* v. *City of Brooklyn*, 89 id. 189 ; *Genet* v. *City of Brooklyn*, 99 id. 300.)

Second. That authority given in acts appropriating private property for public improvements which impose the duty of making payment therefor upon a municipal corporation, and which also authorize the reduction of the amount of awards for the value of property taken, by the amount of assessment to be made on the residue of the same lots for benefits, is not obnoxious to the constitutional objection, that it permits a taking of private property for public use without compensation. (*Genet* v. *City of Brooklyn*, 99 N. Y. 297 ; *Livingston* v. *Mayor, etc.*, 8 Wend. 85.)

Third. That the effect of the provision in such acts, which authorizes the application of assessments *pro tanto* to the payment of awards, is to postpone the time of the payment of such awards until the city has had an opportunity to institute and complete the necessary proceedings to determine and fix the amount of such assessments, and the property liable therefor, through the regular agencies provided by its charter for that purpose. (*McCormack* v. *City of Brooklyn, supra.*)

Fourth. That the provisions of section 16, chapter 384 of the Laws of 1854, as amended by chapter 63 of the Laws of 1862, providing that the liability of the city for the payment of awards should not arise until assessments have been made and deducted from awards and the report of the assessors confirmed, although incorporated into the act of 1871, could not be so construed as to authorize the city to

prolong indefinitely the time for the payment of awards, or enable it to defeat the land owner's right to the compensation secured to him by the Constitution. (*Sage* v. *City of Brooklyn, supra; McCormack* v. *City of Brooklyn, supra.*)

Fifth. That land owners in whose favor awards have been made under such acts, are respectively entitled to maintain actions against the city, upon such awards, for the damages adjudged to them, but in case assessments are made by the city for benefits, the amount of such assessments must be deducted from the amount of the respective awards, and judg· ment rendered for the balance only, and in cases where no assessments have been made and the making thereof has been unreasonably delayed, the land owner is entitled to recover the full amount of his award. (*Sage* v. *City of Brooklyn, supra ; Genet* v. *City of Brooklyn, supra ; Taylor* v. *City of Brooklyn,* 108 N. Y. 616.)

The defendant, while practically conceding the correctness of the propositions stated, yet contends that the action is based upon negligence and is barred by the expiration of six years after the city has permitted a reasonable time to elapse for perfecting its assessment, and the period of four months, after the right to proceed had accrued, is claimed to constitute such reasonable time. It is argued in support of this claim, that the award of damages having been made and confirmed November, 1876, and a reasonable time having elapsed thereafter for the making of an assessment without action thereon by the city, such award became due and payable more than six years before the commencement of the action, which did not take place until November, 1888. Of course, if the defendant's counsel is mistaken in the claim that the action is based upon negligence, the argument falls to the ground.

It is quite obvious that he has misconceived the plaintiff's cause of action, as it in fact, has no other foundation than a claim of damages for the value of his property, which has been taken under lawful authority by the city. It is for the taking of the property and not for any act of negligence on

the part of the city. The scheme of the charter authorizes the city to pay awards in a particular manner if it chooses to do so, and the only consequence of its neglect to make such payments is, as we have decided, to leave the award enforcible for its whole amount. The negligence of the city is important only in respect to the effect it may have in depriving it of a possible defense founded upon the claim that the award was imperfect and not obligatory upon it to its full extent. Its neglect simply removed an apparent obstacle to the enforcement of the plaintiff's demand.

The learned counsel for the defendant has reviewed at some length the provisions of the statutes of 1871, 1854 and 1862, with a view of showing that no award of damages can be considered made until after the assessors have also made an assessment for benefit and deducted the amount of such assessment from the respective awards and struck a balance thereon, which balance he contends constitutes the only award contemplated by these statutes. He bases upon this conclusion the argument that the action must, therefore, be founded, not upon an incomplete award, but upon the neglect of the city. This point is not open for discussion, as it was necessarily decided in the *McCormack Case* that an award for damages was binding upon the city under the statutes referred to, although no assessment was ever made or attempted. The complaint in that action was exclusively upon the award, and the reference therein to the negligence of the city was for the sole purpose of obviating a possible defense. The cases referred to by the counsel for the city to support his contention are authorities against him, since in each one recoveries were had upon awards similar to that involved in this case, and such recoveries were respectively, on appeal, sustained in this court. (*Sage* v. *City of Brooklyn*, 89 N. Y. 189; *Genet* v. *City of Brooklyn*, 99 id. 300; *Taylor* v. *City of Brooklyn*, 108 id. 616.)

The contention that those actions were not founded upon awards, because the assessments therein were deducted from the awards and judgment given for the balance only, does not merit serious discussion. The case of *Reilly* v. *City of Albany*

(112 N. Y. 42), cited by defendant, does not help it. That action was brought to recover the contract-price agreed to be paid by the city of Albany to the plaintiff for labor and materials furnished for paving a street. The city was author- ized by its charter to raise funds for the payment of this liability by assessment upon the property benefited. Having refused, after performance of the contract, to levy such assess- ment or pay the contract price, it was held that its refusal con stituted a waiver of the right to delay payment until the particular fund was raised, and it was, therefore, liable to pay the contract-price. The present action is described in the complaint as based upon an award, which is alleged to have become a judgment between the parties as to the amount of plaintiff's claim against the city, by its confirmation in the Supreme Court.

We do not think its character, as a final adjudication upon the question of damages, is affected by the fact that its imme- diate enforcement is, for a time, suspended by the law under which it was made, or by the privilege given to the city at its option to make payment in a particular way, if it manifests its intention to avail itself of that privilege within a limited period. That such an award is a judgment within the spirit and mean- ing of that term, as used in the Statute of Limitations, seems to be supported by numerous cases in this, as well as other states. Thus, Mr. Justice BEARDSLEY, speaking of the report of commissioners of estimate and assessment appointed by the Supreme Court in street opening cases, in *Striker* v. *Kelly* (7 Hill, 9), says: "These commissioners are but aids of the court, whose judgment is at last to settle the rights and fix the liabili- ties of the parties. The commissioners are to ascertain the value of the land which may be taken for or affected by the improvement to be made, and determine the amount of dam- age and benefit which will arise from it. This is to be reported to the court with all needful explanations, and any person conceiving himself aggrieved may appear and urge his objections to what has been done. If the court is dissatisfied with the report, it may be sent back for revision again and

again, until the court shall be satisfied that it is according to the justice of the case, when judgment of confirmation is to be given. Thus the report becomes in effect the act of the tribunal by which it is confirmed, and the judgment rendered is declared to be an effective lien upon the lands adjudged to be benefited." The decision in this case was affirmed in the Court of Errors. (2 Den. 323.)

Mr. Justice JEWETT, delivering the opinion in *Embury* v. *Conner* (3 N. Y. 523), says: "That the Supreme Court, under the provisions of the New York street law, exercises its powers as a court, and not as commissioners appointed by the legislature, and that its decisions in such matters are judgments of that court." In *Dolan* v. *Mayor, etc.* (62 N. Y. 475), Judge RAPALLO says: "That proceedings for such assessments are conducted before the court, and its confirmation of the report of the commissioners is a judgment pronounced on a full hearing of the parties, and conclusive in its character as to all questions litigated or which might have been litigated in the proceeding." In the *Matter of the Department of Parks* (73 N. Y. 565), it was said by Judge EARL, that "the award, after confirmation, becomes in the nature of a judgment, which cannot be attacked collaterally. It is as final and conclusive as to all parties as a judgment." (*Mayer* v. *Mayor, etc.*, 101 N. Y. 288.) In *Mayor, etc.*, v. *Colgate* (12 N. Y. 148), it was said: "The assessment and its confirmation were judicial acts," and "it will work no injustice  *  *  *  to apply the limitation, provided by the law to judgments, to this lien also." In *Fisher* v. *Mayor, etc.* (67 N. Y. 73), an action to recover an award in which an assessment was set up as an offset, Judge ANDREWS, writing the opinion, says, in substance, that the case of *Mayor, etc.*, v. *Colgate* is a decisive adjudication of the question of the period of limitation to be applied to assessments in the city of New York, and concludes that twenty years are necessary to bar an action therefor, whether, under the statute, it be considered as a judgment or a mortgage.

It was held in *Kohl* v. *U. S.* (91 U. S. 367) that the liability of a municipal corporation to pay for property taken under

the right of eminent domain for public use, was a common-law liability, and that proceedings taken to enforce such liability were suits at common law.

Numerous other cases are cited by the learned counsel for the plaintiff upon this point; but we deem it unnecessary to make further extracts from them, as the question must be regarded as settled by the decisions referred to.

We conclude, therefore, that the action is not based upon negligence, and is founded upon a judgment within the meaning of that term as used in the Statute of Limitations, which requires a lapse of twenty years to constitute a defense. The appeal.of the defendant cannot, therefore, prevail.

The question in relation to interest upon the award, raised by the plaintiff's appeal, is a more serious one and is not entirely free from doubt. The case is *sui generis*, and must be determined from a consideration of its peculiar character and circumstances. We entirely agree with the general proposition stated by him, that " when interest is stipulated by contract, it is recovered (as interest or damages) according to the contract. When interest is not stipulated by contract, but default is made to pay a liquidated debt when due, interest is recoverable as damages from the date of default."

Under this rule the question arises, when did the duty to pay this award become imperative? Although we have held that the award is a judgment and enforcible as such, yet the time and mode of enforcement is regulated by the statutes relating to the subject in force in the city of Brooklyn, which make the award a tentative proceeding to be controlled, as to its collection, by subsequent events. As stated by the learned counsel for the plaintiff, in his brief, the provisions of the statutes (2 R. S. 364, § 9 ; § 1211, Code Civ. Pro.) fixing the time for the running of interest upon judgments, are simply declarations of the rule at common law that damages are recoverable as an indemnity for a non-payment of liquidated pecuniary demands at maturity, when they should have been paid. It was held in *Sanders* v. *L. S. & M. S. R. Co.* (94 N. Y. 641) that interest was recoverable upon such judgments,

"not by virtue of any contract to pay interest, but simply as damages because the defendant was in default in the discharge of its obligation to the plaintiff and wrongfully withheld money from him." The same rule in the same language was laid down in *O'Brien* v. *Young* (95 N. Y. 428).

It is obvious that if the duty to pay has not become absolute, the liability for interest does not arise, either at common law or by section 1211 of the Code. The fact that the taking of the plaintiff's property in this case was constructive only, and that he has never been actually disturbed in its use or possession, must, under the circumstances of the case, be considered to have an important bearing upon the subject. The only step on the part of the city looking toward the reduction of the property to possession, seems to be the proceeding taken in 1876 to appraise the plaintiff's damages and procure confirmation of the award. Its continued inaction for twelve years thereafter afforded strong evidence that it was unwilling to go on with the contemplated improvement and, from all that appears, the plaintiff acquiesced in the delay of the city. He had the right at all times, after the making of the award, to proceed by mandamus to compel the city to complete an assessment for benefits and, after the lapse of a reasonable time for it to do so, to sue it for the damages sustained for the taking of his property. He did neither of these things, until the commencement of this action, and seemed, until then, to be willing that the city should abandon its contemplated improvement, if it desired to do so. Undoubtedly the parties interested could by mutual consent discontinue the prosecution of the improvement, and there is much in the case to authorize the inference that this was contemplated by them. At all events, it is conceded on all hands that the time for the payment of the award was not definitely fixed by the charter and that its amount could be unsettled and reduced by the subsequent action of the city in making assessments. The scheme of the Brooklyn charter contemplates the reduction of awards by assessments, and the lapse of sufficient time to make them after confirmation before liability to pay the awards becomes imper-

ative.   The time for such payment, under the law, seems to
be extended so long as the right to make assessments remains,
and it must, therefore, vary with each particular case.   Obsta-
cles and delays may occur in one case that do not arise in
another, and the duty to pay must depend upon the circum-
stances of the case.   It cannot be said, under such circum-
stances, that the sum for which the city is liable is so fixed and
certain or the time of payment so definite that a period can,
before demand, be accurately determined from which the
interest shall commence to run.   This period is capable of
being fixed by the land owner, either through mandamus pro-
ceedings, by an action, or a formal demand for the payment
of damages, and he has no just reason to complain of any
result which has been produced by his own laches.

It is conceded by the plaintiff that the legislature could
lawfully postpone the payment of awards by providing an
equivalent for the payment of interest, and it was held by this
court in *Hamersley* v. *Mayor*, etc. (56 N. Y. 533), that so long
as the statute left the owner in the possession and use of his
property it might be deemed a substitute for the payment of
interest on an award, and a practical compliance with the con-
stitutional requirement of compensation for property taken.
It was there said by Judge ANDREWS: "It would require
very clear evidence of legislative intent to warrant such a con-
struction of the statute as would give the owner both the use of
his land and interest upon the purchase-money."   In the case
in hand no provision is made by the charter for the payment
of interest; but, as we have seen, very definite provisions are
made for the postponement of the payment of the award.

Within the principle laid down in the cases cited, it would
seem to be lawful for the legislature to postpone the payment
of awards and of interest thereon until the city has taken
actual possession of the property condemned, and we do not
see why the omission to provide for the payment of interest
and the provisions to secure a definite postponement of the
payment of the award are not a substantial equivalent for the
suspension of a right to draw interest, at least while the owner

retains the use and possession of his land and omits any steps to fix the liability of the city.

The judgment of the General Term should be affirmed, without costs to either party on this appeal.

All concur.

Judgment affirmed.