# THE BOARD OF SUPERVISORS OF ERIE COUNTY, RESPONDENT, *v.* THE CITY OF BUFFALO, APPELLANT.

*Eminent domain — an award confirmed becomes a judgment and may be sued for at law — statute of limitations — payment of an assessment for damages — laches — interest.*

The city of Buffalo, having condemned property belonging to the county of Erie by proceedings which were confirmed in October, 1876, went into possession of the premises and caused certain grading and paving to be done, the expense of which was assessed upon the residue of the land of the county, and was paid by it. No assessment for benefits from which the award could be paid ever having been

made, the county, in 1887, brought an action at law to recover the award made to it in the condemnation proceedings.

*Held*, that such an action could be maintained.

That the award upon confirmation became in the nature of a judgment, upon which an action could be brought at any time within twenty years from the entry of the order of confirmation.

That the payment of the assessment for paving and grading was not a waiver of the right of the county to be paid the award.

That mere forbearance to press a claim, especially upon the part of a board of supervisors whose composition was continually changing, was not laches.

That as the city charter (chap. 519 of the Laws of 1870, tit. 8, § 15) prescribed that the award should be paid within one year after confirmation, the county was properly allowed to recover interest upon the award from a date one year subsequent to confirmation.

APPEAL by the defendant, the City of Buffalo, from a judgment of the Supreme Court, entered in the office of the clerk of Erie county on the 17th day of February, 1891, upon a recovery in favor of the plaintiff of $36,439.38, with costs, after a trial before the court at the Erie Special Term.

*Philip A. Laing*, for the appellant.

*John Cunneen*, for the respondent.

DWIGHT, P. J.:

The action was to recover the amount of an award, with interest, made to the plaintiff in proceedings instituted by the defendant to acquire title to real estate belonging to the county of Erie, situated in the city of Buffalo. The city required the premises for the extension of one of its most important streets, and it instituted the necessary proceedings in the Superior Court of Buffalo to acquire the title by condemnation. In those proceedings the award in question was duly made by commissioners, and was duly confirmed by the court on the 2d day of October, 1876. Immediately thereupon the city took possession of the premises, removed whatever structures were upon them, graded and paved the surface for the purposes of a highway, and has ever since been in exclusive possession and control of the same as a public street of the city of Buffalo.

The expenses of the grading and paving were assessed wholly upon the residue of the plaintiff's land from which the portion condemned

had been taken, that being the only land then abutting upon the extension, and the assessment (of $2,700) was paid by the plaintiff.

In May, 1885, the defendant moved, in the Superior Court, to set aside the award in question on the ground of irregularities in the proceedings leading up to it. This application was met by the plaintiff with an offer to waive all such irregularities, and was denied by the court. In February, 1886, the defendant gave notice of an appeal from the last-mentioned order, but in the following April withdrew that notice, and the appeal was dismissed.

On July 27, 1887, the plaintiff gave notice of its claim to the defendant, and demanded payment of the award and interest, or a surrender of the possession of the premises, and on the tenth day of October of the same year this action was brought; no payment, or offer of payment, having, in the meantime, been made to the plaintiff, and no assessment of benefits having been made with which to pay for the premises appropriated.

The cases of *Sage* v. *The City of Brooklyn* (89 N. Y., 189), *McCormack* v. *The Same* (108 id., 49) and *Donnelly* v. *The Same* (121 id., 9) furnish undoubted authority for resorting to a common-law action for the recovery of the award; also for the proposition that the confirmation of the award was in the nature of a judgment of the Superior Court of Buffalo, and that an action for the recovery of the award so confirmed, may be brought at any time within twenty years from the entry of the order of confirmation. We find nothing in this case which takes it out of the doctrine of the cases cited. The proposition that, by paying the assessment for grading and paving, the plaintiff waived its right to have payment of the award is not at all tenable. It may, perhaps, have been entitled to have the assessment offset against the award, but there is no principle upon which its omission to claim such a disposition of the matter can be construed as a waiver or relinquishment of its claims to the award of $20,000. The time within which the award was payable had not yet expired, and it may well have been supposed that the assessment of benefits would be made, and a final adjustment of the whole matter be reached within that time.

There seems to us to be no evidence that would have warranted the finding that the plaintiff had dedicated the premises to the use of the public; nor that it was estopped to claim that the award was

unpaid and due. Mere forbearance to press a claim does not constitute laches, especially on the part of a board of public officers, the composition of which may be changed every year; and there is no period at which the claim of the plaintiff would outlaw except that prescribed by the statute of limitations.

The only real question here, as it seems to us, under the authorities above cited, relates to the time from which interest is to be computed on the amount of the award. The findings and judgment in this case give interest from a date one year subsequent to the order of confirmation. In the case of *Donnelly* v. *Brooklyn* (*supra*), it was held that interest did not run until a formal demand of payment or other proceeding on the part of the land owner to fix the period within which damages were payable. But the two cases are distinguished in two very material features. In the Brooklyn case the statute did not, in any way, definitely fix the time when the award was payable. In this case the statute positively prescribes that the award shall be paid within one year after its confirmation by the court. (Laws of 1870, chap. 519, tit. 8, § 15.) Moreover, in the case of Donnelly it appeared that the claimant had remained all the time, down to the commencement of his action, in the occupation and use of the condemned premises, and that no steps had been taken by the city to obtain the possession; and the case of *Hamersley* v. *The Mayor* (56 N.Y., 533), is cited, where ANDREWS, J., said: "It would require very clear evidence of legislative intent to warrant such a construction of the statute as would give the owner both the use of his land and the interest upon the purchase-money." In this case, as we have seen, the defendant took immediate possession of the condemned premises, and has used and occupied them for its own purposes ever since. It is plain that these facts take the case out of the rule established in the Brooklyn case, and that the latter is, by implication, authority for the rule applied by the court below in the judgment appealed from. In this case the amount of plaintiff's claim was liquidated by the order confirming the award, and the time at which it was payable is fixed by the statute.

The provision of the charter of Buffalo, which requires notice of demand before action brought, has no effect upon the question of interest, and the required notice was given before the action was commenced.

We do not find that any of the exceptions taken by the defendant indicate error which affects the result.

The judgment appealed from must be affirmed.

MACOMBER and LEWIS, JJ., concurred.

Judgment appealed from affirmed.