### McCANN v. CITY OF ALBANY.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

1. CONTRACTS—DELAY IN PERFORMANCE—LIQUIDATED DAMAGES.

A provision that the work "should be fully completed by or before May 1, 1888," and that the contractor should "forfeit and pay" $50 for each day thereafter that the work remained unfinished, is a penalty, and will not be enforced where no damage is shown to have accrued by reason of the delay.

2. MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — INSUFFICIENT ASSESSMENT.

A city which fails to levy a sufficient assessment to pay the contract price of a public improvement, as required by the charter, is liable for such damages as the contractor suffers in consequence of the failure.

3. SAME—EXTRA WORK—MISTAKE OF CITY ENGINEER.

A city is liable for extra work on a public improvement which was made necessary by the mistake of the city engineer.

Appeal from judgment on report of referee.

Action by William J. McCann against the city of Albany to recover an alleged unpaid balance due plaintiff on a contract with defendant for construction of a sewer, and also for certain items of alleged extra work. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, PUTNAM, and MERWIN, JJ.

John A. Delehanty, for appellant.
E. Countryman, for respondent.

LANDON, J. The first objection urged by the defendant to the judgment recovered by the plaintiff is that the defendant should have been allowed $6,900, forfeited by the defendant under this provision of his contract with the city that his work "should be fully completed by or before May 1, 1888," and that he would "forfeit and pay to the city the sum of $50 for each and every day after that date, May 1, 1888, that said work should remain uncompleted," which sum was declared by the contract to be the damages which will result to the city from such delay, and are hereby liquidated at such sum, the same to be deducted from the amount otherwise due the plaintiff thereon. The referee found that the contract was substantially completed by May 1, 1888;

that, although there was a delay of 14 days in finishing the masonry at the west end of the culvert, that delay was caused by the acts of the defendant. The delay which the defendant insists upon was in plaintiff's refusal for a time to clean out the completed sewer. He had cleaned it out, section by section, as the work progressed, and he claimed that it was accepted section by section. A large amount of sediment and rubbish, however, accumulated therein before its final completion as an entirety. The plaintiff denied that the contract required him again to clean out the sewer. Notwithstanding his denial, he did clean it out at an expense of $3,000, but did not complete the cleaning until 138 days after May 1, 1888. The referee held that the plaintiff was not required by the contract thus again to clean out the sewer. There is no dispute about the facts in this respect, and the conclusion we have reached upon other grounds makes it unnecessary to pass upon this question of construction. The city had the use of the sewer during the 138 days in question, and, apart from the contract, there is no evidence that it sustained any damage from the delay. Without deciding, but assuming, that plaintiff was required by the contract thus to clean out the sewer, we do not think the defendant can deduct the penalty for delay. The sum of $50 per day is spoken of in the contract both as a "forfeit" and as "liquidated damages." Ordinarily, damages would be presumed from the breach of the contract (Little v. Banks, 85 N. Y. 258), but here this presumption is repelled, except as to nominal damages, and hence the sum is clearly a forfeit; and a forfeiture, strictly as such, is a penalty, and not compensation, and, if enforced, would have the quality of extortion,—the very opposite of justice. One of the rules of construction in this class of cases is that the intent of the parties, to be gathered from the contract itself, and from the nature and circumstances of the case, is to govern. Colwell v. Lawrence, 38 N. Y. 71; Kemp v. Ice Co., 69 N. Y. 45; Noyes v. Phillips, 60 N. Y. 408. Taking both contract and the nature and circumstances of the case into consideration, we gather the intent of the parties to be to guard the city against an injurious delay in completing the sewer; not greatly to punish the contractor beyond his demerits, as would be the case if he should be required to forfeit $6,900 as the penalty for causing nominal damages.

The defendant insists that by the terms of the contract the plaintiff should have been charged with $821.34, the amount paid by the defendant to one Murray for repairs upon the sewer within one year from its completion. We assume that under the contract this item would be chargeable to the plaintiff if the defects occasioning these repairs were chargeable to his defective work, but would not be if chargeable, as claimed by the plaintiff, to the work of another contractor in subsequently making an intersection of a smaller sewer with this one. The issue was one of fact, and, upon the evidence, apparently of considerable difficulty. It might have been decided either way. We do not feel authorized to disturb the finding of the referee upon it.

The defendant also claims that under the contract and its char-
ter it was only liable for the amount of moneys which it assessed
upon and collected from the property holders benefited by the
improvements. But in fixing the amount thus to be assessed and
collected the defendant, notwithstanding the timely objection of
the plaintiff to the deduction, and his demands that the whole
amount of the contract price be assessed, deducted from such con-
tract price the $6,900 because of the alleged forfeiture hereinbe-
fore considered. In making this deduction the city assumed the
risk of doing the plaintiff injustice. We assume that under the
contract and charter the obligation assumed by the city was to
make and collect the proper assessment, and pay the plaintiff from
the proceeds the amount due him under the contract. The referee
found that the city failed to discharge its full duty in this respect
within a reasonable time and with reasonable diligence, and hence
was guilty of a breach of its contract and charter obligation. The
failure of duty was in omitting to assess and collect enough, and
hence to pay plaintiff enough. There is no claim that the amount
assessed has not been collected. It was held in Reilly v. City of
Albany, 112 N. Y. 30, 19 N. E. 508,—a case involving provisions
like those in the contract before us,—that:

"When the contractor had performed his work according to his contract,
he had no duty remaining to discharge, and then had a right to rely upon the
implied obligation of the city to use with due diligence its own agencies to
procure the means to satisfy his claims. It could not be supposed that he
was not only to earn his compensation, but also to set in motion and to keep in
operation the several agencies of the city government over whom he had no
control, to place in the hands of the city the funds necessary to enable it to
pay its obligations. That was a power lodged in the hands of the city, and
the clear intent of the contract was that it should exercise it diligently, for
the purpose of raising the funds necessary to pay for the improvements.
For an omission to do so it would become liable to pay such damages as the
contractor might suffer by reason of its neglect of duty,"—citing Cumming
v. Mayor, etc., 11 Paige, 596; Sage v. City of Brooklyn, 89 N. Y. 189; Mc-
Cormack v. City of Brooklyn, 108 N. Y. 49, 14 N. E. 808.

Other cases recognize the like rule. Donnelly v. City of Brook-
lyn, 121 N. Y. 9, 24 N. E. 17; Genet v. City of Brooklyn, 99 N. Y.
296, 1 N. E. 777; Id., 94 N. Y. 645; Baldwin v. City of Oswego, 1
Abb. Dec. 62. People v. City of Syracuse, 144 N. Y. 63, 38 N.
E. 1006, is cited by defendant as a later, and therefore a better,
statement of the law. There the contract provided that no pay-
ment should be made "until the cost of the work shall have been
assessed upon and collected from the taxpayers liable." The prop-
er assessment was made, but only about one-quarter of it collected.
The effort to make further collections was suspended. The court
held that the contractor was entitled to mandamus to compel the
officers of the city having the matter in charge to proceed with
their duties as required by law. The court also remarked that no
action was maintainable by the contractor against the city; citing
Hunt v. City of Utica, 18 N. Y. 442; Lake v. Village of Williams-
burgh, 4 Denio, 520. In the Utica Case, as in the Syracuse Case,
the warrant for the collection of the proper amounts was, when
the action was commenced, outstanding in the hands of the collect-

or, and therefore the operation of collecting was pending, although practically suspended. The court said in the Utica Case that the contractor must "look for his compensation to the proceeds of the assessment, if proper diligence was used by the city." In Lake v. Village of Williamsburgh the action was upon a warrant given by the president of the village to the contractor, payable out of the improvement fund, which had not yet been assessed and collected. Whether an action would lie against the trustees for neglect of duty, the court said it need not consider. The distinction between the Reilly Case and the Syracuse Case is clear. In the one the action was based upon a breach of the contract; the other was a proceeding to prevent a breach of the contract. It was open to the contractor in the Syracuse and Utica Cases to say that the defendant was not yet guilty of an absolute breach of the contract, but of such laxity in making ready to perform it as threatened its breach, and, as the active diligence of the authorities was due to him, to prevent its breach, he was entitled to mandamus to secure such active diligence. In the case before us the contract was broken, not only because of the unreasonable neglect of the defendant to perform it, but because of its absolute refusal to perform it, except in part.

The defendant further objects to the allowance of a small item called "extra work." This item was made necessary because the assistant engineer of the defendant mistakenly gave an insufficient depth for the excavation of the sewer trench, and the mistake, after the contractor had performed some work upon the wrong bottom, had to be corrected. Clearly, the contractor should not bear the burden of this extra expense. The mistake or oversight was the defendant's, and the extra work had, ex necessitate, to be performed, which is a different thing from voluntarily departing from the charter. Mulholland v. Mayor, etc., 113 N. Y. 631, 20 N. E. 856. There are no other objections which require special notice.

The judgment should be affirmed, with costs.

PARKER, P. J., concurs. MERWIN and PUTNAM, JJ., concur in result.