ROBERT PAYNE, MICHAEL CHAUNCEY AND WILLIAM E. S. FALES, RESPONDENTS, v. THE CITY OF BROOKLYN, APPELLANT.

*Commissioners of estimate and assessment — right of action against the city for their fees.*

The complaint in this action alleged that, at the instance and upon the application of the defendant, the plaintiffs were appointed by the Supreme Court commissioners of estimate and assessment in the matter of improving Fourth avenue, Kings county; that they accepted the offices, performed the duties and made a report, which the defendant received from the commissioners upon the express promise that the city would pay the commissioners' fees when the report was confirmed; that the city procured it to be confirmed and refused to pay the fees.

Upon an appeal from a judgment overruling a general demurrer interposed by the defendant:

*Held,* that as the commissioners' fees were made a part of the expenses, and chargeable upon the lands benefited by the improvement, and as, when the report was confirmed, the city had the power to raise the fund, and promised to pay the commissioners from this source, there was sufficient stated in the complaint to support the promise to pay, even if the money had not been actually collected when the promise was made

That, as the plaintiffs had a joint right of action, they could unite in a common action to recover it.

APPEAL by the defendant from a judgment entered upon an order made at the Kings County Special Term, which was entered in the office of the clerk of Kings county on the 15th day of March, 1884, overruling a demurrer interposed to the complaint in this case, and adjudged that the plaintiffs recover of the defendant $544.10.

The action was brought to recover certain fees due to the plaintiffs who had been appointed commissioners to examine into and report upon the improvement of Fourth avenue, a public thoroughfare in Kings county, who had qualified, entered upon the discharge of their duties, executed the same, made a report in the premises and notified the defendant thereof, and of their fees and disbursements, amounting to $405

The plaintiffs alleged that the defendant agreed to pay the plaintiffs said sum immediately upon the confirmation of said report by the court, and that the plaintiffs thereupon delivered said report to the defendant; that thereafter, at defendant's request, said report was ratified, confirmed and approved by the court, and that, nevertheless, the defendant had neglected and refused to pay said sum of $405 to the plaintiffs.

*John A. Taylor*, for the appellant.

*William E. S. Fales*, for the respondents.

BARNARD, P. J. :

The complaint states that, at the instance and upon the application of the defendant, the plaintiffs were appointed by the Supreme Court as commissioners of estimate and assessment in the matter of improving Fourth avenue, one of the streets of the city. It is further stated therein that they accepted the office and performed the duties and made a report therein, which the defendant received from the commissioners upon the express promise that the city would pay the commissioners' fees when the report was confirmed. That the city procured such confirmation and refused to pay the fee. To this pleading there is a general demurrer.

The improvement of Fourth avenue, under the defendant's charter, was required to be made in this way : The commissioners' fees are made a part of the expense, and, as such, chargeable upon the lands benefited by the improvement. The usual method is to

pay out of the moneys collected as the result of the assessment, on the basis of the report. When the report was confirmed the city had the power to raise the fund, and promised to pay the commissioners from this source. We think the city could legally do this. The service had been rendered substantially at the request, and certainly for the benefit, of the defendant. The sole power to collect the money was given to it, and this is sufficient to support the promise to pay, even if the money had not been actually collected when promise was made. It was a city asset which could be anticipated by the city if an affirmative agreement was made for that purpose. The plaintiffs have a joint right of action. When parties have a common interest in the money they can unite in a common action to recover it. (*Marshall* v. *Moseley*, 21 N. Y., 280.)

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Order overruling demurrer to complaint and judgment thereon affirmed, with costs.