(10 Misc. Rep. 592; 11 Misc. Rep. 459.)

PALMER v. CITY OF BROOKLYN (two cases).

(City Court of Brooklyn, General Term.  February 25, 1895.)

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—LIABILITY TO SURVEYOR.
    Brooklyn city charter (Laws 1888, c. 583, tit. 19, §§ 1–6), which exempts
    the city from all liability for any expense incurred in opening the streets,
    and provides that persons doing work thereon must look to the lien of
    the street assessment, does not relieve the city from liability where the
    work was discontinued by the affirmative act of the city, and an assess-
    ment thereby prevented.

Appeal from special term.

Action by Noyes F. Palmer against the city of Brooklyn to re-
cover for services rendered by plaintiff as a surveyor.  There was a
judgment in favor of plaintiff, and defendant appeals.  Affirmed.

The opinion at special term is as follows (CLEMENT, C. J.):

"The plaintiff was employed as surveyor by the proper officers of the city,
to make the necessary maps which were required in two proceedings for
the opening of Railroad avenue and Barbey street.  His compensation was
fixed by the ordinances of the city.  In other words, the plaintiff did not
agree to do his work on a speculative or contingent fee.  If the contention
of the counsel for the city is correct, no competent surveyor would perform
such work for the city, for he would be compelled to take the chances of the
receipt of compensation for his services.  The plaintiff performed his work
and delivered his maps to the corporation counsel.  Subsequently the common
council passed resolutions which rescinded their prior action.  I am of opinion
that the power is in that body so to do, under the general welfare clause of
the charter, and for the reason that the title of the city in the new street
does not vest until the confirmation of the assessment for the improvement.
Laws 1888, p. 1085, tit. 19, § 31.  The original proceedings may be defective
or without jurisdiction, or it may appear that the common council made a
mistake in their determination of the necessity of opening the street.  Sec-
tion 6 of title 19 of the charter in no way prevents a recovery in these actions.
The latter clause of the section was originally passed in 1859 (chapter 213,
§ 6), and has been construed by the court of appeals in Sage v. City of Brook-
lyn, 89 N. Y. 189, 201.  Chief Judge Andrews there said: 'If, however, it is
construed as relating simply to the expense of regulating streets, to which it
was confined in the original act from which it was taken (chapter 213, Laws
1859), or is intended only to declare the general principle that the expense
of street openings shall be a local and not a general charge, it is not subject
to criticism.'  Section 12 of title 19 has no application to the cases before me,
for the reason that no report can ever be confirmed.  That section would seem
only to require that the expenses should be taxed by the supreme court, in
order to protect the property owners against excessive or illegal charges for
searcher's or surveyor's fees.  The plaintiff only seeks to recover his fees as
fixed by the ordinances.  Judgment for plaintiff on demurrer in each case,
with leave to defendant to answer on the usual terms."

Argued before VAN WYCK and OSBORNE, JJ.

Albert G. McDonald, for appellant.
John P. Adams, for respondent.

VAN WYCK, J.  It appears, from the complaint in each of these
actions, that plaintiff sues to recover compensation for making for
the city the necessary maps required in the proceedings to open
a street under the charter (Laws 1888, c. 583, tit. 19); that the de-
fendant employed the plaintiff to make the maps at the proper
stage of the proceedings, which maps he duly made and delivered

to defendant, and that the amount claimed for such services is fixed by the ordinances of the city; that defendant, thereafter and before the assessments were imposed, rescinded the resolution directing and authorizing the proceedings, and thereby abandoned and discontinued them while in their incomplete condition. The contention of appellant is that the city is specially exempted from all liability for any expense incurred in opening streets (Id. § 6), and that plaintiff must look to the lien of the assessment for such expenses upon the property benefited by the new street (Id. § 1). It was the manifest intention of the legislature to declare, in these provisions, that the city shall not be primarily liable for any of the expenses incurred for the opening of streets, provided the city pursued the proceedings to completion in duly laying and collecting the assessments therefor. When the city accepts such work after employment, it cannot avoid liability to such surveyor by an appeal to section 6, if it has, by affirmative action, rescinded and discontinued the proceedings, and in this way prevented the possibility of levying and collecting an assessment for such expenses upon the property to be benefited by such street opening. This view seems to us to be fully sustained by the authorities. Payne v. City of Brooklyn, 52 Hun, 390, 5 N. Y. Supp. 281; Weston v. City of Syracuse (Sup.) 31 N. Y. Supp. 186; Reilly v. City of Albany, 112 N. Y. 30–42, 19 N. E. 508; Sage v. City of Brooklyn, 89 N. Y. 189; McCormack v. City of Brooklyn, 108 N. Y. 49, 14 N. E. 808; Donnelly v. City of Brooklyn, 121 N. Y. 9, 24 N. E. 17. Judgments affirmed, with costs.