The City of Dunkirk *v.* Wallace.

---

## THE CITY OF DUNKIRK *v.* WALLACE.

[No. 1,944. Filed February 18, 1898.]

APPEAL AND ERROR.—*Longhand Manuscript of Evidence.—How Made Part of Record.*—The longhand manuscript of the evidence must be filed in the clerk's office before being incorporated in the bill of exceptions. *p. 302.*

CONTRACTS.—*Breach Of.— Measure of Damages.— Street Improvements.—Municipal Corporations.*—Where a city wrongfully prevents a contractor from completing street improvements in accordance with a contract therefor entered into by it, the contractor may recover for the reasonable value of the work done and the money expended in making such improvements. *pp. 302-304.*

SAME.—*Breach Of.—Street Improvements.—Assessments.—Municipal Corporations.*—Where a city accepts work upon its streets, under contract therefor, it cannot by affirmative action discontinue the work and prevent the possibility of levying and collecting assessments upon the property benefited and thereby escape liability for payment of such work. *p. 304.*

From the Jay Circuit Court. *Affirmed.*

*Headington & LaFollette* and *J. J. Stewart*, for appellant.

*Bell & Ross*, for appellee.

WILEY, J.—The material facts charged in the complaint are that on October 7, 1891, John Reese and John Hayes, under the firm name of Hayes & Reese, entered into a written contract with the appellant to improve a certain street in said city; that before said work was commenced Reese sublet his interest in said improvement contract to Edward Stack and John Buckley; that afterwards, and before the work was begun, Hayes, Stack, and Buckley, sublet the work to appellee; that thereupon the appellee and Hayes, Stack, and Buckley entered into a written contract whereby appellee agreed to fulfill the terms and conditions of the contract between appellant and Hayes and Reese; that in compliance with the terms of said contract between appellant and Hayes & Reese, appellee commenced the work of said improvement, and prosecuted said work for many weeks, with the knowledge and consent of appellant; that appellee had almost completed the grading of said street according to the terms of the contract, when appellant, without the knowledge or consent of appellee, entered into a contract with one A. A. Knapp Company for the construction of a sewer in and along said street and the part thereof which appellee was then improving; that appellant thereupon demanded that appellee should cease his said work of improvement in order that said sewer might first be constructed in said street; that appellee refused to give up the possession of said street; that thereupon said Hayes, Buckley, and Stack came to appellee, and requested and demanded that he suspend work on said street; that appellee still refused to abandon his said work, when he was in-

formed by the street committee of said city that the
town trustees had ordered him to suspend such work,
and said committee and said Hayes then and there
informed him that if he did not cease operations and
give up possession of said street they would compel
him to do so by injunction; that appellee believed
appellant had the right to compel him to suspend said
work and, having been further directed by said Hayes,
Buckley, and Stack to so suspend, he did, in obedience
to said demands and requests, suspend said work, and
permitted the sewer contractor to take possession of
said street; that at that time he had almost completed
the grading; that he had spent in the prosecution of
said work in time and labor, $1,050.00; that the work
so done by him was of great permanent value, both
to appellant and to persons owning property abutting
on said street; that he suspended said work in Septem-
ber, 1892, and near the end of the season suitable for
such work; that before another season arrived in
which it was possible for appellee to resume and com-
plete said improvement, appellant entered into a
written contract for the improvement and macadamiz-
ing of said street with one ————; that said con-
tract was still in force and covered the same portion
of said street as the contract sublet to appellee; that
appellant thereupon gave possession of said street
to said ————, for the purpose of making said im-
provement, all of which was done without the knowl-
edge or consent of appellee; that said sewer was con-
structed in said street, and that the work of construct-
ing the same, and the trench made therefor was so
negligently and improperly refilled, practically de-
stroyed and ruined a large part of the grading com-
pleted by appellee; that appellant has been re-
quested to restore said street to the condition in which
appellee left it; that it has refused to allow appellee

any compensation for refilling said trench and for restoring said street to the condition in which appellee left it. That appellant refuses to recognize appellee as in any way connected with said contract for the improvement of said street; that appellee has not received any pay or compensation for his expenditure of labor and money for the improvement of said street, and that he was in no way responsible for the construction of said sewer, or the condition of the street caused thereby. The prayer of the complaint is as follows: "Wherefore plaintiff says that defendants have prevented plaintiff from completing his said contract for a long and unreasonable time, to his damage in the sum of $1,200.00 for which he prays judgment, etc." Hayes, Buckley, and Stack were made defendants, but during the trial the appellant dismissed as to them. A copy of the contract between Hayes, Buckley, and Stack and appellant was made a part of the complaint, but it adds no force or effect to the complaint, because it is not the foundation of the action, and we cannot consider it for any purpose.

The appellant demurred to the complaint for want of sufficient facts, which the court overruled, and appellant excepted. The cause was put at issue, tried by the court, resulting in a finding and judgment for appellee in the sum of $760.00. The errors assigned are: (1) That the court erred in overruling the demurrer to the complaint, and (2) that the court erred in overruling appellant's motion for a new trial.

The record, as it comes to us, presents but one question, and that is the sufficiency of the complaint. The motion for a new trial is based on questions which arose in the progress of the trial in regard to the rejection and admission of evidence, that the damages are excessive, that the decision of the court is not sustained by sufficient evidence, and that the de-

cision is contrary to law. None of the questions thus raised are available, for the reason that the evidence is not in the record.

The motion for a new trial was overruled June 15, 1895, and ninety days given in which to prepare and file a bill of exceptions. The record shows that on September 13, 1895, the bill of exceptions was presented to and signed by the judge, and the clerk certifies that the longhand manuscript of the evidence, as transcribed by the shorthand reporter, was filed in the clerk's office September 17, 1895, being four days after it was incorporated in the bill of exceptions. Under the uniform authorities in this State, the longhand manuscript of the evidence must be filed in the clerk's office before it is incorporated in the bill of exceptions. Upon this proposition the citation of authorities is unnecesary.

The theory of the complaint is that appellant wrongfully caused appellee to suspend work on the street he was improving under the contract sublet to him by Hayes, Buckley, and Stack, and afterwards let the contract for the same improvement to another, without his knowledge or consent, after he had done work and expended money under the contract. To state it differently, appellee's theory is that appellant is liable to him for the work done and money expended under his contract on the ground that appellant caused him to suspend his work, gave the possession of the street to another for the construction of a sewer therein, and then violated its contract with him by letting the contract to another, and refusing to put him in possession of the street to complete the work, and in refusing to restore the street to the condition in which he left it. The original contract between Hayes and Reese and appellant, is not brought into the record, and we have no means of knowing

what its terms and conditions were, other than as stated in the complaint. From that we learn that appellant contracted with Hayes and Reese to grade and improve one of its streets; that appellee finally succeeded to the rights of the original contractors, by procuring the work to be sublet to him; that he proceeded to perform the work, and after expending much labor and money prosecuting the improvement he was prevented from completing it by the wrongful act of appellant, and by appellant letting the contract to another. It seems clear to us that the facts pleaded,—and the demurrer admits their truth,—show a breach of the contract on the part of appellant, for which it is liable to respond in damages. There is no averment that the contract was by its terms assignable, or could be sublet, but we regard this as of no weight, for the reason that appellee was engaged in making the improvement under the contract; that appellant had full knowledge thereof, made no objection thereto, and acquiesced therein. The complaint is amply sufficient to show that appellee was in the rightful possession of the street, under the said contract of improvement, and was engaged in making the improvement provided thereby. The complaint also clearly shows a breach of the contract, on the part of appellant, in that it required him to abandon the work, surrender possession of the street, and subsequently let the contract for the same improvement to another person, and did all this without the knowledge or consent of the appellee. The question resolves itself simply to this: Appellee, under a contract with appellant,—for he succeeded to the rights of the original contractors,—performed labor and expended money, to a large extent and in a considerable sum in the improvement of a street over which appellant exercised dominion and exclusive control, and

was prevented from completing. the work by the wrongful act of the appellant, so that assessments could not be made by which he could be remunerated. He is thus left without remedy unless he can recover for the work done, and the money expended as for a breach of the contract.

The rule is well settled that, where there has been a breach of contract by one of the parties thereto, the other is at least entitled to recover nominal damages. *Rosenbaum* v. *McThomas*, 34 Ind. 331; *Browning* v. *Simons*, 17 Ind. App. 45. It has been held that in an action for a breach of contract, a complaint which states facts sufficient to entitle the plaintiff to nominal damages is sufficient to withstand a demurrer. *Richter* v. *Meyers*, 5 Ind. App. 33. Upon this proposition alone the complaint is sufficient; but we think the facts stated are sufficient to entitle the appellee to recover the actual damages sustained, which would be the reasonable value of work done, to which should be added the amount of money necessarily expended in the prosecution of the improvement. We must presume that the contract between appellant and appellee's assignors imposed upon appellant the duty to provide for the payment of the work by assessments against abutting property, as this is the only means known to the law by which such compensation may be provided.

When a city accepts work upon its public streets, under contract for such services, and by affimative action rescinds or discontinues the work under contract, and in this way prevents the possibility of levying and collecting assessments upon the property benefited, it cannot avoid liability for such a breach of contract. This view seems fully supported by the authorities. See *Palmer* v. *City of Brooklyn*, 32 N. Y. Supp. 739; *Weston* v. *City of Syracuse*, 31 N.Y. Supp.

186; *Reilly* v. *City of Albany*, 112 N. Y. 30-42, 19 N. E. 508; *Sage* v. *City of Brooklyn*, 89 N. Y. 189; *McCormack* v. *City of Brooklyn*, 108 N. Y. 49, 14 N. E. 808; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9, 24 N. E. 17. This rule is certainly founded in equity, sound reason and common honesty. If a person contracting with a city for the improvement of a street or the construction of a sewer, should be prevented from completing the work by some affirmative act of the city, after he had in good faith expended his money and performed labor in the prosecution of the work, even almost to completion, it seems to us that to hold he had no remedy or right of action against the city, would be to announce a doctrine wholly devoid of equity, obnoxious to the sense of fair dealing, and unsupported by the eternal law of right. We think the complaint states a good cause of action, and that the court did not err in overruling the demurrer thereto. For the reasons above given, the record does not present any other question for review. The judgment is affirmed.