## BLAIN v. CITY OF DELPHI.

[No. 24,845. Filed December 10, 1924.]

1. MUNICIPAL CORPORATIONS.—*Intersecting Streets at Different Levels.—Statutes.*—A city has power to contract for improvements at the intersection of two streets which are to be on different surface levels, by building a bridge to carry one street over the other, and to provide the drainage made necessary by such arrangement, and may pay for the same out of the public treasury, under the provisions of §§8697, 8960, 8961, 8711 Burns 1914, Acts 1905 p. 219, §§94, 266, 267, Acts 1909 p. 412, §2. p. 466.

2. MUNICIPAL CORPORATIONS.—*Liability to Contractor for Public Improvement.*—A municipality which has let a contract for a public improvement which is to be paid for by assessments on abutting property is liable to the contractor for his loss, where it has, wrongfully and without the contractor's consent, after he had completed part of the work according to the contract, made it impossible to complete the work so as to perfect his right to enforce assessments against the abutting property, and thus made them uncollectable. p. 466.

3. MUNICIPAL CORPORATIONS.—*Public Improvements.—Fraud in Procuring Acceptance.*—In an action by a contractor for a public improvement to recover compensation for work done, an answer alleging that the improvement, as constructed, did not comply with the contract and was worthless and that acceptance thereof was procured by fraud, states a defense to the action, as an acceptance procured by fraud is not conclusive, but may be set aside by a court of equity. p. 468.

4. MUNICIPAL CORPORATIONS.—*Public Improvements.—Acceptance of Work May be Rescinded for Fraud.*—Upon learning of the fraud of a contractor in constructing a municipal improvement, the board or council which accepted the improvement has the right to repudiate its order accepting the work

and present to a court of equity the question whether or not such acceptance was void because procured by fraud.   p. 468.

5.   MUNICIPAL CORPORATIONS.—*Setting Aside Order Accepting Public Improvemeent.*—An order by a city council or board of works that the acceptance of a public improvement be reconsidered and rescinded, and declaring that it thereby refused to accept the work until it should be fully completed, would not, of itself, nullify a previous acceptance, since a common council or board of works has no implied equity powers (disapproving some of the language used in *State, ex rel.,* v. *City of Indianapolis,* 188 Ind. 685).   p. 468.

6.   MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Collection of Compensation for.*—*Finding Work not Done According to Contract.*—In an action against a city by a contractor to recover compensation for work done on a public improvement, a finding that he was not entitled to recover for certain items because of faulty construction, thereby rendering such parts of the work worthless, was sustained by sufficient evidence where there was some evidence to that effect, although other evidence justified a finding that plaintiff was entitled to recover for the construction of these items of the work.   p. 469.

7.   APPEAL.—*Reversal on Weight of Evidence not Allowed.*—An appellate tribunal cannot reverse a judgment on the weight of conflicting evidence.   p. 469.

8.   MUNICIPAL CORPORATIONS.—*Liability to Contractor for Public Improvement.*—A contractor for a public improvement who has performed part of his work according to contract, which has been accepted by the municipality, is entitled to recover the agreed compensation for such work, with interest from the date of acceptance, although he claimed to have completed all the work according to contract without really having done so.   p. 470.

9.   APPEAL.—*Review.*—*Irregularities in Practice.*—*Not Shown to Have Affected Result.*—A judgment will not be reversed for irregularities in practice which appellant's brief does not show to have affected the result.   p. 470.

From Jasper Circuit Court; *George A. Williams,* Judge.

Action by Gideon W. Blain, as receiver for a firm of contractors, against the city of Delphi.   From a judgment for the plaintiff for an unsatisfactory amount he appealed to the Appellate Court.   (Transferred to the

Supreme Court under §1394, subd. 2, Burns 1914, Acts 1901 p. 567, §10.)    *Affirmed.*

*Denny & Miller, Boyd & Julien, George W. Kassabaum, Hanley & Hanley* and *Walker & Hollett,* for appellant.

*E. E. Pruitt, Pollard, Cartwright & Wason, J. O. Obear, W. C. Smith, Gaylord & Sills* and *A. Halleck,* for appellee.

EWBANK, J.—This was an action by appellant, as receiver of an insolvent firm of contractors, to recover from the city of Delphi compensation for grading and graveling certain streets, and building sidewalks, curbs and retaining walls on either side as an incident of improving them, pursuant to a declaratory resolution and other proceedings under the statute which authorizes street improvements to be made at the expense of abutting lot owners, and also to recover for building a bridge and abutments by which one of the streets improved was carried across a deep cut made in improving another of them, and the installation of certain facilities for draining the excavation, and especially that part of it beneath the bridge at the street intersection. The trial court decided that plaintiff (appellant) was not entitled to recover for excavating, grading and graveling the streets, nor for building the sidewalks, curbs and retaining walls, but that he might recover for building the bridge and abutments, and for furnishing and installing the sewer pipe, catch basins, and other drainage facilities, in the total sum of $3,656, for which judgment was rendered in his favor. Insisting that he was also entitled to be paid for the other work done in excavating and improving the streets, plaintiff perfected an appeal, and defendant assigned cross-errors, dis-

puting plaintiff's right to recover anything at all. Nearly 300 pages of the briefs of counsel are devoted to setting out the pleadings, but it is doubtful whether any questions arising thereon are sufficiently stated and supported to call for decision. However, as the principal questions of law which arise upon the motion for a new trial and upon the exceptions to the conclusions of law are the same that the parties seek to present by a discussion of the pleadings, we shall at once proceed to consider them.

It is enough to say that the complaint alleged the adoption of a declaratory resolution for the improvement of the streets in question, the taking of necessary steps to authorize the making of such improvement at the expense of abutting property, the letting of a contract to plaintiff for the construction of said improvements, that plaintiff built them, so far as defendant would permit, and defendant approved and accepted the work as completed; but that defendant had reduced the length of the improvements to be made, some hundreds of feet at each end, and had so changed the work to be done as thereby to render it impossible for plaintiff fully to perform according to his contract, and afterward had made an order that the acceptance of the work be rescinded and set aside, and had refused to levy assessments on the abutting property for the cost. And that the contract alleged to have been entered into by plaintiff and the defendant provided that plaintiff should construct a bridge and abutments at a street intersection, carrying one of said streets over the other above grade, and certain sewers and catch basins to drain the same, as well as excavating, grading and graveling the streets, building sidewalks, etc.; that plaintiff had completed, in compliance with the contract, all of said work which defendant permitted him to construct, and defendant

had approved and accepted the same, but afterward had made an order that such acceptance be set aside and rescinded; and further alleged that the agreed price was due and unpaid. By its assignment of cross-errors, appellee attacks the overruling of a demurrer which challenged the sufficiency of the facts stated in this complaint to constitute a cause of action. The city had power to contract for improvements at the intersection of two streets which were so graded that the roadways crossed at different surface levels, by building a bridge to carry one street over the other, and providing drainage made necessary by such grading, and had power to pay for the same out of the public treasury. §§8697, 8960, 8961, 8711 Burns 1914, §§94, 266, 267, Acts 1905 p. 219, §2, Acts 1909 p. 412. And if the city, after letting a contract for grading and graveling the street, constructing curbs and sidewalks and building retaining walls necessary to keep the banks from sliding down into an excavation made in grading it, and after the contractor, at large expense, had completed part of the work according to the contract, should, wrongfully and without the contractor's consent, do acts by which it was made impossible for him to complete the work so as to perfect his right to enforce assessments against abutting property, it would incur a liability to him for the amount he had earned which was thus made uncollectable. *City of LaPorte* v. *Ahlborn* (1922), 191 Ind. 485, 133 N. E. 874, 875, and authorities cited; *City of Dunkirk* v. *Wallace* (1898), 19 Ind. App. 298, 304, 49 N. E. 463; *City of Newcastle* v. *Dingle* (1916), 185 Ind. 626, 634, 114 N. E. 221.

No error was committed in overruling the demurrer to the complaint.

The defendant city (appellee) filed an answer, several paragraphs of which each alleged, in substance, that plaintiff's decedent did not construct the improve-

ments contracted for according to the contract
3.   and specifications, but that, in building them,
he fraudulently used an insufficient quantity of
cement in proportion to the other ingredients in making
the concrete, that the cement used was of inferior qual-
ity, and that the gravel used was poor in quality and
full of dirt, by reason of which, the improvements as
constructed did not comply with the contract and were
worthless; and that he procured its acceptance by fraud
in covering up and concealin⌐ the worthless character
of the work as so constructed, and by making a false
affidavit on which the city council relied in accepting
it.   If true, these facts constituted a cause of defense
to plaintiff's action.   An acceptance procured by fraud
is not conclusive, but may be adjudged by a court of
equity not to have been binding on the party defrauded.
*Town of Woodruff Place* v. *Gorman* (1912), 179 Ind. 1,
6, 100 N. E. 296.

Upon learning of the fraud, the city council had a
right to repudiate its order accepting the work and
present to a court of equity the question whether
4, 5.   or not such acceptance was void because pro-
cured by fraud.   *State, ex rel.,* v. *City of Indian-*
*apolis* (1919), 188 Ind. 685, 692, 123 N. E. 405.   A
mere order of the common council, afterward made, that
the resolution of acceptance be reconsidered and re-
scinded, and that the common council thereby refused
to accept the work until it should be fully completed,
would not operate, in itself, to nullify the previous ac-
ceptance, since the common council of a city, like other
inferior tribunals, has no implied equity powers.   *Town*
*of Woodruff Place* v. *Gorman, supra; Hull* v. *Board*
(Ind.) 143 N. E. 589, 593.

The holding in *State, ex rel.,* v. *City of Indianapolis,*
*supra,* does not conflict with the rule of law as stated
above, and so far (if at all) as any language in the

opinion in that case may declare the law to the contrary, such language is disapproved.

But while the common council could not set aside its acceptance by a mere order to that effect, it could refuse to act pursuant to the acceptance until the judgment of a court of equity might be obtained deciding whether or not such acceptance was vitiated by fraud practiced to procure it.

There was evidence which fairly tended to prove the averments of the complaint to the effect that the defendant city took the proper steps to improve 6, 7. certain intersecting streets by making a deep cut on one, constructing a bridge with abutments to carry the other across it, grading and graveling both streets, and building cement curbs and sidewalks along each side of both of them, building retaining walls along either side of the street to support the banks where the excavation was made, and putting in certain sewer pipes and catch basins to drain the excavation, and that it let a contract in writing to plaintiff for said work; that it cut off and refused to permit the improvement of a considerable part of each street originally ordered to be improved; that plaintiff did certain work relied on by him as constituting full completion of the rest of the work and reported to the common council that it was completed; that a committee of the council and the city engineer inspected the work and demanded that certain things be done; that what they asked was done, and the council by formal resolution accepted the work as completed. But there was also evidence tending to prove what was averred in the answer to the effect that of the different items enumerated in the contract to be built for certain named prices, as therein stated, the work of grading and graveling and constructing curbs, side walks and retaining walls was not completed according to contract, but was done in such a manner that the

graveled roadway and the cement curbs, sidewalks and retaining walls were without value and worthless, and that the acceptance of the work as completed had been procured by filing an affidavit that it was completed according to contract, and otherwise deceiving the common council, and inducing them to believe that it was so completed.   And such evidence, if believed, justified a finding that plaintiff was not entitled to recover for the construction of these items of work, as not being built in compliance with the contract.   To be sure, there was other evidence tending to prove that plaintiff was entitled to recover all for which he sued.   But we cannot reverse a judgment on the weight of conflicting evidence.

There was evidence fairly tending to prove, and the trial court found, that the abutments and bridge, the sewers and catch basins were constructed in compliance with the contract, which itemized the prices to be paid for each different item, thus: "18 inch storm sewer, per lineal foot 65 cents   *   *   * concrete, per cubic yard, $3.85; bridge, complete superstructure, $725.00; inlets, each, $10.00", etc.   And the trial court concluded that, as to those items which were built and completed according to contract, plaintiff was entitled to recover the contract price.   In this, there was no error.   Full performance having been prevented by the defendant, as the complaint alleged and the court found, plaintiff was entitled to recover for what he did perform.   And the fact that he also did work on other parts of the contract which he claimed to have completed, without really having done so, did not affect his right to recover for what he did construct in compliance with the contract and specifications.   The trial court did not err in finding that plaintiff was entitled to recover the agreed price for the construction of these items in the amounts stipulated in the contract as the

price for building them, with interest from the date when the work was accepted.

There was a special finding on which the court stated three conclusions of law, to each of which, each of the parties took an exception. But the questions of law arising upon these exceptions are the same that have been considered and decided in passing upon the sufficiency of the pleadings and the evidence.

Some other rulings are complained of by counsel for each side, but the briefs are not so prepared as 9. to show that the alleged irregularities of practice erroneously affected the result.

The judgment is affirmed.