ENGELHARDT *et al. v.* CITY OF BROOKLYN.

SCHAFER *v.* SAME.

(*City Court of Brooklyn, Special Term.*   January 28, 1892.)

EMINENT DOMAIN—RIGHT TO AWARD—GRANTEE OF CONDEMNED LAND.

A mortgage of land condemned for street purposes, but not actually taken from the possession of the owner, executed after the proceedings for the street improvement had been suspended, and while its consummation was uncertain, conveys the right to the award for the land, and a purchaser, under foreclosure of the mortgage, may recover such award on the actual taking of the land by virtue of the condemnation proceedings.

Actions by Philip Engelhardt and others and by Frank L. Schafer, respectively, against the city of Brooklyn to recover the amount of an award made to the owner of certain land taken for the widening of North Second street in the city of Brooklyn. Judgment for plaintiffs Engelhardt on award and interest less deduction, and for defendant on claim for taxes. Judgment for defendant in the action by Schafer.

*Michael C. Gross,* for plaintiffs Engelhardt and others.   *Lyon & Nemirs,* for plaintiff Schafer.   *Almet F. Jenks,* for defendant.

CLEMENT, C. J.   These actions were brought to recover an award for the sum of $7,500 for land taken for the widening of North Second street under chapter 559, Laws 1871. At the date of the passage of the act, April 19, 1871, one Daniel Schafer was the owner of lot No. 39, for which the award was made, and on or about January 25, 1889, he assigned his claim thereto to

Frank L. Schafer, the plaintiff. After April 19, 1871, the said Daniel Schafer made two mortgages covering the premises in question. The first mortgage was subsequently foreclosed, and a deed given, and, by a chain of title running from said deed, the plaintiffs Philip Engelhardt and Elizabeth Engelhardt claim the award. There is no question as to the liability of the city, and the point to be decided is whether the plaintiffs Engelhardt are entitled to recover or the plaintiff Schafer. I shall assume in deciding this case that the land represented by the award was constructively taken from the owner at the date of the act of 1871. "The effect of the statute to widen and improve North Second street, in the city of Brooklyn, (Laws 1871, c. 559,) was to deprive the assignor of the plaintiff of his land, and commit the same to the city, burdened with the duty of providing compensation." *McCormack* v. *City of Brooklyn*, 108 N. Y. 49, 14 N. E. Rep. 808. I shall also assume that the claim for damages for land taken for a street improvement is personal, and vests in the person who is the owner at the time of the taking. *King* v. *City of New York*, 102 N. Y. 171, 6 N. E. Rep. 395. If Daniel Schafer, who was the owner at the time of the taking, did not assign his claim, or did not execute papers which in effect amounted to an equitable assignment, before he made the assignment to his son, Frank L. Schafer, then the son is entitled to the award. Suppose Daniel Schafer had executed a warranty deed of lot No. 39 after the passage of the act, or even after the confirmation of the report of the commissioners, November 9, 1876, I think that the purchaser could, beyond any question, claim that the conveyance of the land was an equitable assignment of the award. *King* v. *City of New York* holds nothing to the contrary of the above view. A close examination of the case shows that the court decided that the land taken was not included in the conveyance, and therefore that the award did not pass to the grantee under such conveyance. In this case the entire plot was taken, and such plot was the only parcel included in the deed. The Pennsylvania cases have no application, as railroads can there be built before payment of land damages. In the cases cited there had been an actual taking before the conveyance. *Porter* v. *Railroad Co.*, 120 N. Y. 284, 289, 24 N. E. Rep. 454. It is true that Daniel Schafer did not execute a conveyance of the land for which the award was made, but he did, after the act of 1871, execute two mortgages, amounting to the sum of $7,250, and received the money therefor. At that time he seemed to have thought that his land had not been taken. The first mortgage was foreclosed, and the subsequent chain of title is as follows: Foreclosure Butler mortgage, May 17, 1877; deeds, Miller to Engel, August 1, 1879; Engel to Bindrim, October 2, 1880; Bindrim to Grassman, August 19, 1881; Grassman to Kottman, January 25, 1882; Kottman to Lehman, March 1, 1882; Lehman to Engelhardt, March 15, 1884. Daniel Schafer received $7,-250 for the land, and now, by his assignee, asks for $7,500 more. On the other hand, the Engelhardts paid a consideration of $6,000, and are the successors of the mortgagees, who advanced to Daniel Schafer the sum of $7,250. It may be that, on a sale under foreclosure, where a portion of the land has been taken for a public improvement, the purchaser would not be entitled to the award. That may be so in an ordinary case, but the facts in relation to North Second street are extraordinary. For many years it was uncertain whether the improvement would be carried out. Judge RUGER said, (*Donnelly* v. *City of Brooklyn*, 121 N. Y. 20, 24 N. E. Rep. 17:) "Undoubtedly the parties interested could, by mutual consent, discontinue the prosecution of the improvement, and there is much in the case to authorize the inference that this was contemplated by them." The court of appeals held in that case that the city delayed the improvement for 12 years, and that the property owners acquiesced in such delay, and therefore that the owners were not entitled to interest on the awards, except from the date of a demand. It is conceded that the taking in 1871 was constructive only, and that the owners were never

disturbed in their possession, (for the Engelhardts were living on the premises in question on the day of trial,) and that the city levied taxes on the property as late as 1890. I therefore hold that, during the time when the improvement was in suspense, the land could be conveyed or mortgaged, and that the mortgages could be foreclosed, and that the transfer of the title to the land conveyed the claim for damages against the city. If the city had paid without notice of the claim of the Engelhardts, perhaps a different question would be presented. The award by the commissioners was made to Francis Lehnert, assignee, who appears to have had no interest in the property. The damages can be recovered by the party entitled thereto, irrespective of the name mentioned in the report. *Spears* v. *Mayor*, 87 N. Y. 373. The plaintiffs Engelhardt cannot recover the money paid for taxes, as such payments were voluntary. It also appears that they have had possession of the property during the time for which they paid taxes, and, if they were willing to be taxed, the court cannot now aid them. Judgment for plaintiffs Engelhardt for the sum of $7,500, with interest from the date of demand, less the sum of $800 and accrued interest due on the mortgage, now a lien on the property. Judgment for the defendant on the claim for taxes. Judgment for defendant in case of *Frank L. Schafer* v. *City of Brooklyn.* Findings and requests to find may be presented on two days' notice.