(3 Misc. Rep. 22.)
## DELAP v. CITY OF BROOKLYN.

(City Court of Brooklyn, General Term.   February 27, 1893.)

EMINENT DOMAIN—COMPENSATION—RIGHTS OF MORTGAGEES.

A mortgage of land, a portion of which was subsequently condemned for the widening of a street, is a lien on the award made for the land taken; and, on foreclosure and sale before the filing of the assessment of damages, the purchaser acquires all the estate of the mortgagee, including the right to the award.   Engelhardt v. City of Brooklyn, 21 N. Y. Supp. 777, followed.

Appeal from trial term.

Action by Peter Delap against the city of Brooklyn to recover the amount of an award for the taking of land caused by the widening of

North Second street.   From a judgment in plaintiff's favor, defendant appeals.   Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Almet F. Jenks, for appellant.

Jackson & Burr, for respondent.

OSBORNE, J.    This action was brought to recover the amount of an award made for the taking of land by the city of Brooklyn under chapter 559 of the Laws of 1871, passed April 19, 1871, and commonly known as the "Act for the widening of North Second street."   Plaintiff had judgment below, and this appeal is taken from said judgment. Plaintiff's claim arises under the following circumstances: On and prior to February 6, 1871, John J. McCabe and Edward A. McCabe were the owners of a lot on North Second street, and on that date they mortgaged said lot to one Delaplaine to secure the payment of $1,500. In September, 1875, an action was commenced to foreclose said mortgage, which resulted in a judgment of foreclosure and sale on February 8, 1876; and thereafter, and on March 16, 1876, the said lot, as a whole, was purchased by the plaintiff, who has ever since remained the owner thereof, and has paid the taxes annually levied on the whole of said lot by the city.   After the passage of said act, such proceedings were had thereunder that commissioners were duly appointed to ascertain and report the damages sustained by the property owners by reason of the taking of the land for such widening, and the report of the commissioners was confirmed by the supreme court on November 9, 1876.   From that report it appears that a strip of about 14 feet in depth was taken off the front of said lot, and an award was made to John J. McCabe and Edward McCabe, as owners, of the sum of $1,000, as damages for such taking.

In the case of Engelhardt v. City of Brooklyn, 21 N. Y. Supp. 777, which was also a case arising under the act for the widening of North Second street, we laid down the principles which, in our opinion, governed actions of a similar character to the one now before us.   We there held that a mortgage by the owner of a lot taken for such widening, made subsequent to the passage of said act, amounted to an equitable assignment of the award to the mortgagee, and that on a foreclosure of such mortgage the purchaser at the foreclosure sale was entitled to the award.   This case presents a much stronger claim in favor of the plaintiff, for here the mortgage was made prior to the passage of the act, and the foreclosure and sale thereunder were had prior to the filing of the commissioners' report.   The plaintiff, as purchaser under the foreclosure of the mortgage, acquired all the interest and estate of the mortgagees as it existed at the time of making the mortgage.   Rector, etc., v. Mack, 93 N. Y. 488; Batterman v. Albright, 122 N. Y. 484, 25 N. E. Rep. 856.    In Donnelly v. City of Brooklyn, 121 N. Y. 9, 24 N. E. Rep. 17, referring to said act, the court of appeals says:

"The effect of the act is to condemn the land for the purposes of the improvement provided for, and to authorize the city to appropriate such land for such purposes, subject to the obligation on its part of making compensation therefor as provided by the act."

The taking was constructive, only, and for a period of about 12 years after the making of the commissioners' report the city took no steps to pay the compensation awarded for the taking, nor did the property owners make any claim for the awards made. The city continued to tax the property so constructively taken, and the owners remained in undisturbed possession. It is admitted on the part of the defendant that no person, other than the plaintiff, has ever demanded payment of the award in question. We think that it is clear that when the lot was sold under foreclosure the mortgagors were deprived of all the claim to the award, and that it passed to the plaintiff, as purchaser at the foreclosure sale, and that he is entitled to recover the same. The case of Insurance Co. v. Smith, 28 Hun, 296, relied on by the learned counsel for the appellant, is not in point, for in that case it appeared that the purchaser under the foreclosure sale bought the mortgaged premises "subject to the proceedings theretofore had or then pending" for the taking of the land, the award for which was there in dispute. Indeed, it may well be remarked that the law generally laid down as to the disposition of awards made for lands taken for public purposes, as between owner and mortgagee, has slight application to the rights of parties under the North Second street widening act. As the court of appeals says in the Donnelly Case, supra, "the case is sui generis, and must be determined from a consideration of its peculiar character and circumstances."

We think that the judgment should be affirmed, with costs.