STANTON v. SUPREME COUNCIL OF CATHOLIC MUT. BEN. ASS'N.

(Superior Court of Buffalo, General Term. May, 1894.)

CASE ON APPEAL—REMANDING FOR CERTIFICATE.
Where a case on appeal is not certified as required by law, it will be sent back for a proper certificate.

Appeal from special term.

Action by Julia Stanton against the Supreme Council of the Catholic Mutual Benefit Association. From an order denying a motion for a stay of proceedings for nonpayment of the costs of a former action, defendant appeals.

Argued before HATCH and WHITE, JJ.

John J. Hynes, for appellant.
Thomas Sullivan, for respondent.

PER CURIAM. No certificate is attached to the appeal book showing that the notice of appeal and the papers presented to the court upon the motion contained therein are copies of such papers. This omission prevents a consideration of the order appealed from. Code Civ. Proc. § 1353; Lewisohn v. Niederwiesen, 40 Hun, 545; Guyon v. Rooney (Sup.) 6 N. Y. Supp. 99. Case is therefore sent back for proper certificate.

Case returned for proper certificate.

---

(8 Misc. Rep. 598.)

CHARDE et al. v. CITY OF BROOKLYN.

(City Court of Brooklyn, General Term. May 28, 1894.)

CONDEMNATION PROCEEDINGS—AWARD—RIGHT OF GRANTEE.
A deed of land, including a portion which had been condemned for street purposes, gives the grantee the right to the award of the portion condemned, where the award was made before the deed was executed, but the possession of the grantor had not been disturbed.

Appeal from special term.

Action by Emily J. Charde and others against the city of Brooklyn. There was a judgment in favor of plaintiffs, and defendant appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Albert G. McDonald, for appellant.
E. T. Payne, for respondents.

VAN WYCK, J.    An award was made for part of a lot taken for the widening of North Second street pursuant to the Laws of 1871, c. 559.    For years thereafter, no steps were taken to actually widen the street.    The owners used the land so taken, and no claim was made for the awards so made.    Both the city and the owners treated the matter as though no lands were taken, and no awards were made.    While this was the existing condition, the owner of the lot involved in this action conveyed the whole of it, including the portion taken by the act of 1871.    That such conveyance operated as an assignment of the award has already been decided by this court.    Delap v. City of Brooklyn, 3 Misc. Rep. 22, 22 N. Y. Supp. 179; Englehardt v. City of Brooklyn, 3 Misc. Rep. 32, 21 N. Y. Supp. 777; Burkard v. City of Brooklyn, 6 Misc. Rep. 431, 26 N. Y. Supp. 1112.    Judgment must be affirmed, with costs.