MARIA O. SIMMS, as Executrix, etc., of HENRY C. SIMMS, Deceased, Appellant, *v.* THE CITY OF BROOKLYN, Respondent.

87   35
147a 703

*Chapter 559 of 1871 — award for lands taken thereunder — when it does not pass by a deed.*

Subsequent to the passage of chapter 559 of the Laws of 1871 the owner of a lot of land abutting on the street affected by such act conveyed the lot to another for the expressed consideration of one dollar. Such conveyance described the original lot, including the front taken by the city for widening the street, and was made "subject to the rights of the city of Brooklyn in and to so much of the front of the premises above described on North Second street as was taken or attempted to be taken for the widening thereof" by such act. It contained the usual covenant of seizin.

*Held,* that the award made for the taking of the front of such lot for the widening of such street, which was a mere right of action not running with the land, did not pass under such conveyance.

APPEAL by the plaintiff, Maria O. Simms, as executrix, etc., of Henry C. Simms, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the

county of Kings on the 25th day of October, 1894, upon the decision of the court rendered at the Kings County Special Term dismissing the plaintiff's complaint upon the merits.

*John T. Barnard,* for the appellant.

*Albert G. McDonald* and *Richard D. Greenwood, Jr.,* for the respondent.

BROWN, P. J. :

This action was brought to recover the amount of an award made by commissioners for land taken for the widening of North Second street in the city of Brooklyn, pursuant to chapter 559 of the Laws of 1871. No question arises as to the liability of the city for the amount of the award, and the only contention is as to the person entitled to receive it. The title to the land taken for the improvement vested in the city by force of the act referred to, but, as I understand the evidence, the improvement had not been made when the deeds hereinafter referred to were executed, but the street and the adjoining lots remained as they were before the law was passed. Henry C. Simms was the owner of a lot of land fronting on North Second street when the act referred to was passed and when the report of the commissioners was made, and was in his lifetime entitled to receive the award. He died in the year 1883, leaving a will whereby he gave all his property, real and personal, to the plaintiff, who was his wife, and appointed her and his two sons his executors. On April 26, 1886, the plaintiff conveyed the lot of land devised to her by said will to Harry E. Stam. The consideration expressed was one dollar, and the description was that of the original lot including the front taken by the city for widening the street. The conveyance was expressed to be " subject to the rights of the city of Brooklyn in and to so much of the front of the premises above described on North Second street as was taken or attempted to be taken for the widening thereof by an act passed April 19, 1871," etc. And it contained the usual covenant of seizin.

Subsequently Stam conveyed the same premises to Matthew Charde, and he conveyed them to Emily J. Charde and others. The last-named parties sued the defendant for the award in the City Court of Brooklyn and recovered a judgment therefor, which has

been affirmed by the General Term of that court. (8 Misc. Rep. 598.)

The question presented in this action is whether the award passed to Stam by the conveyance of the plaintiff above referred to. The facts differ from those in the cases of *Magee* v. *City of Brooklyn* and *Delap* v. *Same* (144 N. Y. 265), upon which the decision of the City Court rests.

In *Magee's* case the decision was placed upon the ground that the land was conveyed precisely as if the title was not affected by the passage of the act. That the award in equity represented the portion of the land taken, and having conveyed the land with full covenants, the grantors were held to have transferred the award to their grantees.

In *Delap's* case title was acquired under the foreclosure of a mortgage which was upon the land at the time of the passage of the act, and in which judgment was entered and sale had before the award was made, and it was held that the purchaser at the foreclosure sale was entitled to the award. In respect to the reservation contained in the deed from the plaintiff to Stam, this case also differs from *Englehardt* v. *The City of Brooklyn* and *Schafer* v. *The City of Brooklyn* (44 N. Y. St. Repr. 474), also decided in the City Court of Brooklyn.

This case is one that must be decided upon its equities, and the deed to Stam must be construed according to the intent and design of the parties, manifested by the language used and the surrounding *circumstances.*

I am unable, however, to find anything in the conveyance or in the facts before us indicating an intent to assign the award.

No particular importance is attached to the fact that the plaintiff was the executrix of her husband, and held title to the award in her representative capacity and title to the land in her individual character. She took under her husband's will the whole beneficial interest in the estate, and if there was any fact or circumstance to indicate that she assumed to convey to Stam the whole lot of land, including that taken by the city, the case would fall within the rule applied in *Magee's* case, and the judgment would have to be affirmed. But the parties recognized the rights of the city, and the nominal consideration expressed in the deed indicates, not a sale for

the value of the full lot, but a gift of such title as the plaintiff possessed. Undoubtedly she intended to convey all the land to which she had title, and if the city had no rights she intended her grantee to take the whole lot; but it is equally apparent that both parties recognized a possible title in the city to the front of the lot, and if that proved to be the fact then the grantee was to take under the deed, title only to the balance of the land, and I can find no fact indicating that in the latter case the grantee was to take the award in place of the front of the lot, nor any indication that the plaintiff intended to assign it. Indeed, if we assume that this transfer was for a nominal consideration, which we must do from the expressed consideration of the deed; in other words, that it was substantially a gift to Stam, then there is nothing in the case to indicate that the plaintiff intended to assign the award. That was not in terms embraced in the conveyance. It was a mere right of action not running with the land, and was held by the plaintiff as executrix of her husband, and it was incumbent on the defendant, in order to defeat her right to recover the award, to produce some competent evidence that she had assigned it.

It is unfortunate that the several claimants to this award had not all been made parties to one suit so that the defendant might not be subjected to a double liability, but as the plaintiff is not in any way bound by the decision in the *Charde* case she is entitled to have the question decided upon its merits.

I think the judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, J.:

I concur in the opinion delivered by Justice BROWN. As the result of this opinion is a decision opposed to that made by the City Court of Brooklyn in *Charde* v. *City of Brooklyn* (8 Misc. Rep. 598), I have examined the record in that case. There it was conceded and found " that many years after the making, filing and confirmation of said report of said commissioners without anything further being done towards the completion of the widening of North Second street, and it was not known whether said defendant would finish said work, or whether the making of said improvement would be abandoned entirely." It was further found that there was on the

lot a three-story brick house in existence from 1855 till the present, fourteen feet of which are taken by the widening. These facts do not appear in the record before us. If such were the facts, and especially if it should be made to appear that there was a substantial consideration paid plaintiff for the conveyance, I think there would be little difficulty in holding that she had transferred by the conveyance her right to the award.

DYKMAN, J. :

This suit was instituted for the recovery of an award for land appropriated under the right of eminent domain for the widening of public streets in the city of Brooklyn.

The property for which the award was made was owned by Henry· C. Simms, and he was entitled to the money. He died in 1883, leaving a last will and testament, by which he gave all his property to the plaintiff, and appointed her and his sons the executors thereof.

In the year 1886 the plaintiff executed and delivered to Harry E. Stam a deed of conveyance for the lot, including the front which had been taken for widening the street.

The consideration named in the deed was one dollar, and it was made " subject to the rights of the city of Brooklyn in and to so much of the front of the premises above described on North Second street as was taken or attempted to be taken for the widening thereof by an act passed April 19, 1871." The question involved in this appeal is whether the award passed to Stam, the grantee of. the plaintiff.

As we have already seen, the boundaries specified in the deed from the plaintiff to Stam included the property taken by the city, but the exception from the operation of the deed of the rights of the city in front of the property indicates a recognition of those rights by the grantee. The exception also indicates an intention to convey only the land to which the plaintiff had the title.

The deed is entirely destitute of language indicative of any intention to assign or convey the right of the plaintiff to the award in question, and it would not pass under the general language of the conveyance. The right to the award passed to the plaintiff under the will of her husband.

The case of *King* v. *The Mayor* (102 N. Y. 171) was similar to

this, and it was there held that where, under a statute closing a highway, damages were directed to be awarded and paid to the owners of premises required by the closing, the right to damages was personal, and belonged to an owner at the time of the closing, although before the award he had conveyed his title.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment reversed and new trial granted, costs to abide event.