JOSEPH SITTLER, APPELLANT, V. BOARD OF SUPERVISORS OF CUSTER COUNTY ET AL., APPELLEES.

FILED MARCH 26, 1912. No. 16,615.

1. **Highways:** LOCATION: DAMAGES: WAIVER. "Where a landowner files a claim for damages caused by the location of a public road over his land, he thereby waives all objections on the ground of irregularities in locating the road." *Davis v. Commissioners of Boone County*, 28 Neb. 837.

2. ———: ———: ———: INJUNCTION. "Before a county can appropriate lands to public use for a public road it must provide for the payment of damages for the right of way either by the appropriation of money from the proper fund for that purpose, or the levy of sufficient taxes to pay the damages upon which a warrant may be drawn. In either case the compensation must be sure, and the landowner may enjoin the use of his property by the public until such compensation is made." *Zimmerman v. County of Kearney*, 33 Neb. 620.

3. ———: ———: PAYMENT OF DAMAGES. By the amendment, April 5, 1909, of section 6157, Ann. St. 1907, it is required that "all damages caused by the laying out, altering, opening or discontinuing any county road shall be paid by warrant on the general fund of the county in which such road is located." Laws 1909, ch. 115.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*Sullivan & Squires,* for appellant.

*N. T. Gadd, A. R. Humphrey* and *Alpha Morgan, contra.*

FAWCETT, J.

Plaintiff brought suit in the district court for Custer county, to restrain the board of supervisors and other

officials from going upon his land for the purpose of laying out a public road, and, from a judgment of the district court of that county dismissing his suit, he prosecutes this appeal.

The petition shows that a petition for the laying out of the road in controversy was filed April 19, 1909; that the proposed road runs through the land of plaintiff; that after such petition had been filed plaintiff procured and filed a remonstrance against the establishment of the road, signed by 200 electors of the county; that, when the matter came on regularly to be heard by the board, the remonstrance was overruled; that the board and the county clerk are about to direct the surveyor to go upon his land, to survey the same; that the board made an order allowing plaintiff certain damages, but directed that the same be paid by road district No. 4 of Custer county, through which it is proposed to run the road, and refused to allow such damages against the county. The petition contains certain other allegations which we deem it unnecessary to recite.

The stipulation of facts shows that the petition for the road was filed April 19, 1909; that personal notice was given to the owners of the various tracts of land, including plaintiff; that on June 25, 1909, the remonstrance, hereinbefore referred to, was filed; that on the 11th day of August, 1909, the board met in regular session, all members being present, and the parties interested in the road controversy were also present; that testimony was submitted for and against the establishment of the road; after which the committee made the following report: "We, your committee, recommend that the petition be granted as recommended by the commissioners, and the remonstrance be rejected and damages allowed against road district No. 2 Kilfoil township as follows:  *  *  * Joseph Sittler for land, 6.04 acres, $302; for fences, $108;" that the report of the committee was accepted and adopted as read and the road established as recommended by the committee. It is further stipulated that it is the inten-

tion of the defendants, or those authorized so to do, to go forward and take possession of plaintiff's land, for the purpose of the road as charged in the petition, and that Custer county is under township organization.   It is also stipulated that plaintiff filed a claim for damages with the board in the following language: "Comes now the undersigned, Joseph Sittler, who with others signed and filed a remonstrance against the said proposed road, in which they set out fully their objection to said road, and without waiving any of his objections to said proposed road and all the while insisting upon the same, alleges that in the event the said road is laid out he will be damaged in the following items and amounts, to wit:"   For land taken $700; for fencing $320; "for maintaining gates, inconvenience, and for damages to the value of the remainder of said farm by reason of said road $1,000."   "The undersigned alleges that he is the owner of the west half of section 9, township 17, range 21, across which said proposed road runs and the aforesaid damages will accrue to said premises, and while the undersigned still objects to the laying out of said road, subject to the official action of said board on said remonstrance, he prays that in the event said remonstrance and his said objection to said road are overruled and said road is laid out he may be allowed damages as by the items set forth in the aggregate sum of $2,020."   It is further stipulated that on August 16, 1909, the county clerk duly notified plaintiff of the action taken by the board on August 11, and that plaintiff took no appeal from such action of the board and prosecuted no error proceedings therefrom.

It is contended by the defendants that, by failing to appeal or prosecute error proceedings from the action of the county board in laying out the road, and by filing with the board his claim for damages, he waived the right to question the regularity in any of the proceedings by the board.   As to everything done by the board, except the allowance of the damages against the road district instead of providing for their payment by warrants on the

general fund of the county, we think the contention of defendants is sound and must be sustained. The rule must be considered as settled in this jurisdiction, that by filing a claim for damages in such a case the claimant waives all objections to the location of the road. As said in *Davis v. Commissioners of Boone County*, 28 Neb. 837: "He, in effect, says to the defendants, 'You have taken my land for a public road and I demand damages therefor.' These he is entitled to recover, but the filing of the claim is a waiver of irregularities in locating the roads." But, plaintiff says, that rule should not be applied to him, for the reason that he at all times stood objecting to and resisting the establishment of the road; that it was not inconsistent for him to say to the board, "While I remonstrate against, object to and resist the establishment of the road, yet if you are determined to lay out the road, and if in spite of my objection the road is laid out, my damages are so much." We cannot agree with counsel that this language was sufficient to avoid the waiver.

The second point urged by plaintiff, that no provision was made for the payment of plaintiff's damages, stands upon a different footing. Giving the waiver the full force claimed for it by defendants, it simply sustains the regularity of all the proceedings of the board in laying out the road; so that, up to that point, the case stands as if no remonstrance or objections of any kind had been filed. In such a case, the county has a right to take the land for the proposed road, but not until it has made provision for the payment of the damages. In *Zimmerman v. County of Kearney*, 33 Neb. 620, we held: "Before a county can appropriate lands to public use for a public road it must provide for the payment of damages for the right of way either by the appropriation of money from the proper fund for that purpose, or the levy of sufficient taxes to pay the damages upon which a warrant may be drawn. In either case the compensation must be sure, and the landowner may enjoin the use of his property by the public until such compensation is made." In the opinion it is

said: "It is conceded that no attempt has been made to levy taxes to pay the damages in question, nor is it proposed to levy any for that purpose. If we understand the position of the defendant in error, it is that the plaintiff must give up his land and take the chances of recovering payment therefor. This is not the law. The rule as stated in *Republican V. R. Co. v. Fink*, 18 Neb. 82, is applicable in case of a municipal corporation, with this exception, that, where the damages have been allowed and taxes levied to pay the same so that warrant may be drawn thereon, the levy constitutes a fund that is available to the landowner and the property may be appropriated therefor. In other words, the proper authorities must be able to deliver to him a warrant drawn upon the proper levy before the public can appropriate his property to its use. This is the means by which public corporations, like counties, townships, etc., effect payment. There must be an absolute provision for payment, however, or the property cannot be appropriated. Here there is no such provision, and the landowner may enjoin the proceedings." The language of Mr. Justice Maxwell in that case seems to exactly fit the case at bar. The judgment of the board was that the damages should be "allowed against road district No. 2 Kilfoil township." Even if prior to July 1, 1909, the board might have made such an order, by reference to chapter 115, p. 450, laws 1909, it will be seen that on April 5, 1909, an act was approved which amended the law as it had theretofore existed, so as to read as follows: "All damages caused by the laying out, altering, opening or discontinuing any county road shall be paid by warrant on the general fund of the county in which such road is located, except as otherwise provided in section 6091 of Cobbey's Statutes for 1907." Section 6091, referred to, is the one giving the right of appeal by an applicant for damages. Prior to this amendment of 1909, which became effective in July of that year, it was optional with the county board whether the damages should be paid by a warrant drawn upon the county or by the dis-

trict, but the effect of the amendment referred to was to substitute the word "shall" for the word "may." As the action of the board was taken only a little over a month after this amendment became effective, it is more than probable that the board did not know of the change in the law. However that may be, the fact remains that the defendants are now threatening to go upon and take plaintiff's land and cause him more or less serious damage without having made any provision for the payment of his damages by the appropriation of money from any proper fund for that purpose. This cannot be done.

The judgment of the district court is therefore reversed and the cause remanded, with directions to grant an injunction restraining the defendants from entering upon or in any manner attempting to appropriate plaintiff's land until it has made due provision for the payment of the damages allowed in its order of August 11, 1909.

REVERSED.