CLAY COUNTY V. EZRA E. HOWARD ET AL., APPELLANTS; CARL L. WIBERG ET AL., APPELLEES.

FILED FEBRUARY 27, 1914.   No. 17,614.

1. Eminent Domain: OPENING HIGHWAY: RIGHT TO COMPENSATION. In 1894 a county board ordered a section-line road opened. Damages were claimed by the then owners of the land, the amount of the same litigated, and an order made that the damages be paid out of the county funds. As the law then stood, damages were payable only out of the road fund of the district. The road was not opened, and no damages were paid to the landowners. More than ten years afterwards they conveyed the premises through which the road was ordered by warranty deed, without reservation of the highway. Afterwards the county, desiring to open the road, brought the damages awarded with interest into court, and asked that the court determine whether the present or the former owners of the land were entitled to the same. *Held*, That the appropriation was not complete at the time the land was sold; that the purchaser took the land unencumbered by the highway, and he was entitled to the compensation when the land was actually taken.

2. ———: ———: ———: ESTOPPEL. In such case the present owner of the land is entitled to file a claim with the county board and have appraisers appointed to determine the amount of damages; but, if he accepts the money brought into court by the county for the payment of damages, he thereby consents to opening the road, and is estopped from making any further claim.

3. **Attorney and Client:** RIGHT TO LIEN: CONDEMNATION MONEY. An attorney's lien, filed in proceedings to ascertain the damages awarded to the then owner of the land, when the proceedings were begun, does not constitute a lien upon the amount brought into court and accepted by the present owners of the land in payment of damages.

APPEAL from the district court for Clay county: LESLIE G. HURD, JUDGE. *Reversed with directions.*

*S. W. Christy* and *L. E. Cottle,* for appellants.

*Ambrose C. Epperson* and *L. B. Stiner, contra.*

LETTON, J.

A petition was filed by the county of Clay, alleging that it had established a public highway, and that defendants Howard, then owners of the land taken for the highway, were awarded the sum of $315 as damages; that the land has been sold and conveyed to the Howards, and that the defendants Wiberg and McClellan are now the owners; that the road is about to be opened, and the county desires to pay the damages awarded; that the defendants Howard claim the full amount of damages; that the present owners of the land also claim the money, and that the defendant Christy claims and asserts an attorney's lien against the award made in favor of the Howards; that the plaintiff does not know who is entitled to the fund; that it had deposited the money with the clerk of the court, and tenders payment to whoever is entitled to the same. It prays that the court shall find and determine who is entitled to share in the fund, and the amount to which such person is entitled. Afterwards an amended petition was filed, setting out the proceedings more specifically, and bringing into court and tendering $315, with interest thereon at

7 per cent. from January 11, 1894. Answers to this petition were filed by the respective defendants. General demurrers to the same were filed. The demurrer to the answer of the Howards was sustained. Those filed to the answers of Wiberg, McClellan, and Christy were overruled. Judgment was rendered in accordance with these rulings awarding the fund to Wiberg and McClellan, less $150 attorney's fee awarded Christy. The essential facts alleged in the answers are as follows: In January, 1894, the county board of Clay county ordered a road established and opened for public travel on a part of the section line between sections 26 and 35, township 5, range 6, in Clay county. The land on both sides of the proposed road at that time belonged to the defendants Howard. Damages were claimed and were allowed by the board to the amount of $170, payable out of the county funds. An appeal was taken to the district court, where the damages were raised to $315, and on April 8, 1898, on appeal to this court, the judgment of that court was affirmed. More than ten years afterwards, the Howards sold and conveyed the land to one Grant. Early in the year 1911 Grant conveyed the land to defendants Wiberg and McClellan. All of these conveyances were by warranty deed; no reservations were made as to a highway, and no assignment of the damages awarded was ever made. It is also alleged that knowledge of the proceedings was had by the respective grantees before they purchased the land. From 1894 until 1911 no attempt was made by the county authorities to open the highway, nor was any land actually taken.

The Howards insist that the order establishing the road and allowing the amount of damages constituted the taking and appropriating of the land, and that they, being then the owners of the land and prosecuting the claim for damages, were entitled to receive the amount awarded, citing *Harlan County v. Hogsett,* 60 Neb. 362, and *Chicago, B. & Q. R. Co. v. Englehart,* 57 Neb. 444, to the effect that damages for land appropriated for a highway accrue at the date of condemnation, without regard to the time the road is actually opened.

It is also argued that the subsequent vacation of the road could not prevent the Howards from collecting their damages, and that the county cannot abandon the land, and thus escape payment therefor. *Drath v. Burlington & M. R. R. Co.*, 15 Neb. 367. We fully agree with the principles laid down in the cases cited, but the facts in this case require the application of different principles. At the time that the Howards conveyed the land to Grant, and he conveyed to Wiberg and McClellan, no portion of it had been taken for a public highway. No actual easement existed over the land at the time the Howards conveyed it away, so that the cases holding that one who buys land with an existing easement takes the land as he finds it, and the right to damages remains with the vendor, do not apply. Under such circumstances the owner of the land at the time it was actually taken is the person who is entitled to recover the damages. *Hogsett v. Harlan County*, 4 Neb. (Unof.) 310. In that case the facts were that in 1892 Harlan county attempted to establish a highway over the land of one Stewart; that nothing was done toward opening the road until in 1894; that in the meantime the plaintiff had purchased the land of Stewart, and had entered and taken possession of the premises. When an attempt was made to open the road in 1894, the plaintiff filed his claim for damages, which was rejected both by the county board and by the district court. This judgment was reversed by this court, and it was held that there could be no appropriation of the plaintiff's land until the road was actually opened; that until then the land was not taken for public use, and that the plaintiff was entitled to recover. *Ashley v. Burt County*, 73 Neb. 159; *Johnson v. Peterson*, 85 Neb. 83.

Furthermore, no valid provision was made for the payment of damages, so far as is shown, until after the present owners bought the land. At the time the road was established and proceedings were had to ascertain the damages, there was no provision in the statutes whereby a county could become liable for damages to the owners of land taken for public highways, and the money could only be

paid out of the road fund of the road district in which the land taken for the highway was situated. *Ackerman v. Thummel,* 40 Neb. 95; *Palmer v. Vance,* 44 Neb. 348.

In 1901 the statute was amended so as to provide that all damages caused by the laying out, altering, opening, or discontinuing any county road shall be paid by warrant on the general fund of the county, etc. Rev. St. 1913, sec. 2881. In *Sittler v. Board of Supervisors of Custer County,* 91 Neb. 111, the county board had ordered damages paid out of the road fund of the road district. This order was made after the amendment of 1909, whereby it was provided that damages "shall" be paid out of the general fund of the county. It was held that no provision for the payment of damages had been made by the appropriation of money from the proper fund, and the opening of the road was enjoined. Tested by this principle, at the time the road was established and the land sold by the Howards, no legal provision had been made for the payment of damages, since there was no authority to pay the same out of the county funds. The owners of the land in 1909 had a right to stand upon their constitutional rights and refuse to allow the road to be opened until their damages had been ascertained by the appointment of appraisers in the legal manner.

The county, however, having brought money into court for the purpose of paying the damages, and the present owners of the land having signified their desire to accept the amount tendered and to allow the opening of the road, the right to a new appraisement has been waived by them, no right to further damages exists, and the county is vested with full authority to open the road. This authority is derived, not from the proceedings in 1894 to ascertain damages, but from the order of the county board opening the section-line road and the acceptance of the money tendered for damages. We are of opinion, therefore, that the district court was right when it held against the right of the Howards to the damages, and in favor of the present owners of the land.

Coming now to the claimed attorney's lien, since we have decided that the right to damages of Wiberg and McClellan arises, not by virtue of the previous award to the Howards, but really by virtue of an estoppel, no service rendered by Mr. Christy operated to aid them in obtaining the fund. They allege the land taken is now worth $1,500, but say that, as the amount tendered now amounts to over $700, they are willing to accept it. While the attorney's lien would probably be effective if the Howards were entitled to the fund, since the recovery of the present owners is based upon the proposition that the land of the defendants Howard never had actually been taken and appropriated, we can see no logical reason for holding that the legal services rendered by Mr. Christy inured to their benefit. For these reasons, we are of opinion that the district court erred in allowing the attorney's lien.

The judgment of the district court is therefore reversed and the cause remanded to the district court, with directions to render a judgment in favor of the appellees Wiberg and McClellan for the full amount of the money paid into court by the county in payment of damages; costs in the district court to be taxed as before.

                                        REVERSED.

Reese, C. J., dissents, but only upon the ground that in his opinion Mr. Christy is entitled to his attorney's lien.