ROBERT S. GRIFFETH et al., Appellees, v. DRAINAGE DISTRICT et al., Appellees; MARATHON SAVINGS BANK, Appellant.

EMINENT DOMAIN: Compensation—Person Entitled—Vendor and Purchaser—Drainage Proceedings. Damages, assessed and allowed preparatory to the construction of a public drain through land, do not become v*ested* in the landowner (a) until the damages have been paid, or (b) until the damages have been formally secured, or (c) until the land is actually taken. Unrestricted conveyances, prior to the occurrence of any of these three conditions, carry to the *vendee* the right to receive said damages. And this is true though the vendee knew, when he bought, of the pendency of the drainage proceedings, and assumed the payment of the tax occasioned thereby.

*Appeal from Pocahontas District Court.*—D. F. COYLE, Judge.

MARCH 7, 1918.

WHILE defendant bank owned certain lands, a drainage district was established, and an award made for anticipated injury to said lands. No security for payment of these damages was given, nor payment of same made, nor the land taken, until after these lands were sold by the bank to those whom plaintiffs represent. The trial court held that the vendees are entitled to said award, and the vendor bank appeals.—*Affirmed.*

*Faville & Whitney,* for appellant.

*C. D. Atkinson, M. W. Frick, F. C. Gilchrist* and *A. J. Shaw,* for appellees.

SALINGER, J.—I. The bank made answer that the buyer had full knowledge of what had been done to establish the district; that the bank had filed its claim, and that same had been allowed; that the buyer had constructive notice; that, in his contract, he assumed the burden of taxation that might ensue; and, finally, that the claim for damages was treated between buyer and seller as part of the consideration paid for the land. We are unable to see how it is material that the buyer assumed the tax burden the creation of the ditch might impose, or that, except as it bears on the claim that the right to damages was reserved to the seller, how it is material that the buyer had either actual or constructive notice that steps were being taken to establish the drainage district, and that the bank had filed and had been allowed a claim. It is true that, if the bank had not filed the claim it did, the right to receive damages would have been waived, in which supposed case there would be no occasion to have a suit over who was entitled to damages allowed. But that this is so does not settle whether the one that creates a possible right to obtain damages is entitled to receive same when these damages are paid.

II. If one sell his lands while proceedings are pend-

ing to appropriate part thereof for the uses of a drainage district, and at that time an allowance for anticipated damages has been made to him, such award must be paid to him, and not the vendee, if the award is treated as part of the purchase price. The appellant claims there was an express agreement that such an award then existing should be so dealt with, and should be retained by the seller. We have read the evidence on this claim with care, and reach the conclusion it is not established by a preponderance of the evidence.

III. This brings us to the next contention, which is that, where the conveyance makes no disposition of such award, it belongs, as matter of law, to the vendor. The facts to be considered on dealing with this law question are simple, and without dispute. The proper authorities ordered the establishment of a drainage district, which included the construction of a ditch across lands then owned by appellant. It filed claim for damages anticipated from such construction. An award to it was made by commissioners, duly appointed, and the board of supervisors approved such award. At no time while the appellants owned these lands was this allowance either secured or paid. The award standing unpaid and unsecured, they sold these lands, finally effectuating the sale by conveyance with full covenants of warranty, but silent as to said award. Payment was secured and made, and the land actually appropriated and the ditch constructed after this sale had been made. The trial court held that said award belonged to the vendee, and that, same having been paid over to the vendor, the vendee might recover back.

The appellant relies on cases like *Pratt v. Des Moines N. W. R. Co.*, 72 Iowa 249, followed in *Flickinger v. Omaha B. & T. R. Co.*, 98 Iowa 358; *Taylor v. New Orleans Terminal Co.*, 126 La. 420 (52 So. 562) ; *McFadden v. Johnson*, 72 Pa. St. 335; *Schuylkill & Susquehanna Navigation Co. v.*

*Decker,* 2 Watts (Pa.) 343; *Silverstone v. Harn,* 66 Wash. 440 (120 Pac. 109) ; and *Northern Pac. R. Co. v. Murray,* 87 Fed. 648. These settle that, if an injury to realty is fully completed and may be recovered for before the owner of the injured land sells, the damages due for the injury belong to the seller; and that a conveyance without words of assignment of the right to damages does not transfer such damages subsequently paid to the vendee. If this rule is controlling, the trial court erred. But a rule declaring what the rights of the vendor are *if* before selling he has a vested right to recover damages, has no bearing on whether he had such vested right. And the ultimate contention of the appellees is that, at the time the sale was made, no such right had vested in the seller. What we have to decide, then, is whether the seller had, before he sold, any accrued right to these damages,—what status he had because he was made an allowance for such injury as carrying out the improvement might entail.

Though condemnor awarded the owner a sum for anticipated damages, it had no right to take this land until security was given for damages, or until payment actually reached the owner. *Burns v. Chicago, Ft. M. & D. M. R. Co.,* 110 Iowa 385; *White v. Wabash, St. L. & P. R. Co.,* 64 Iowa 281; *Hogsett v. Harlan County,* (Neb.) 97 N. W. 316; *Sisson v. Supervisors,* 128 Iowa 443. Taking before security or actual payment would be a trespass. *Henry v. Dubuque & Pac. R. Co.,* 10 Iowa 540; *Richards v. Des Moines V. R. Co.,* 18 Iowa 259; *Burns v. Chicago, Ft. M. & D. M. R. Co.,* 110 Iowa 385; *Conger v. B. & S. W. R. Co.,* 41 Iowa 419; *Stacey v. Vermont Cent. R. Co.,* 27 Vt. 41. The making of the award caused no damage, unless the maker had actually taken the land on the theory that the award justified the taking. *Hogsett v. Harlan County,* (Neb.) 97 N. W. 316. No security was given or payment made, and the land was not taken until after the owner, at the time of award, had

sold the land. Manifestly, the proposed condemnation caused no injury to land owned by him.

Again, making the award gave the then owner no present rights, because the condemnor was at liberty to abandon the proposed improvement after it had fixed the amount that should be allowed for damages. Making the award merely gives an option to take the land, and payment of the award cannot be enforced. This court is committed to this, and is in accord with the great weight of authority, if, indeed, there be any case to the contrary. See *Gear v. Dubuque & S. C. R. Co.*, 20 Iowa 523; *City of Chicago v. Barbian*, 80 Ill. 482; *St. Louis, L. & D. R. Co. v. Wilder*, 17 Kan. 239, 246; *Stacey v. Vermont Cent. R. Co.*, 27 Vt. 41. The right of the landowner to the damages awarded is a correlative right to that of the condemnor to the land. If the condemnor has no vested right to the land, the landowner has none to the price to be paid, or to the damages awarded him. It follows it is not an important inquiry how rights to damages can be effectively transferred to a vendee, since this vendor had no such rights to transfer. In the last analysis, we have to settle who, between the two, shall be compensated for an injury—the one who never had an enforcible right, and suffered no injury, because he sold before there was either right or injury, or the one who alone has been injured, because all the injury occurred after he had bought; and both reason, principle, and authority give recovery to the latter.

In the case of *In re Twelfth Ave. South*, 74 Wash. 132 (132 Pac. 868, 869), followed in *Damon v. Ryan*, 74 Wash. 138 (132 Pac. 871), it is said:

"Where the conveyance of the land pending condemnation is by deed, without reservation, the only certain and just rule is that the money to be paid for the right to take or damage the property shall be paid to the person or persons owning the property or having an interest therein at

the· time when the condemnation has reached that point of completion where it is not subject to abandonment, and when the right to the compensation becomes an enforceable demand against the condemnor."

A judgment which fixes the damages for land taken for a highway does not effect the condemnation of. the land, nor pass the land to the commissioners, nor give a vested right to the damages until they are paid; and one who buys subsequent to the· entry of such judgment, but before payment, is entitled to the damages, unless these are reserved to the vendor. *Chandler v. Morey*, 195 Ill. 596 (63 N. E. 512). The right to recover the damages accrues to the person who owns the land when the road is actually opened. *Hogsett v. Harlan County*, (Neb.) 97 N. W. 316. In *Clay County v. Howard*, 95 Neb. 389 (145 N. W. 982), the board ordered a road opened in 1894. Damages were claimed by the then owners, the amount of same was litigated, and an order made that they be paid out of the county funds. The damages, however, were not paid, and the road was not then opened. More than ten years afterwards, the then owners conveyed the premises through which· the road was ordered, by warranty deed, without reservation of the highway. Afterwards, the county brought the damages awarded, with interest, into court, and asked the court to determine whether the present or the former owners were entitled to the same; and it was held that the appropriation was not complete at the time the land was sold, and that, therefore, the purchaser was entitled to the compensation, because the right thereto came into existence when the land was actually taken. In *Magee v. City of Brooklyn*, 144 N. Y. 265 (39 N. E. 87), affirming 3 Misc. Rep. 22 (22 N. Y. Supp. 179), the actual appropriation did not occur for some eighteen years after steps to take were initiated. The actual taking occurred at a time when plaintiff had acquired the title to the road through mesne conveyances, his conveyance granting

"all the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity," and containing full covenants. It was held that the award of damages for the taking of the land was thereby assigned, and that it is not the constructive taking for street purposes that controls, but the time at which the actual taking occurs. If one who is an owner at the time proceedings to condemn are commenced, and, when damages are assessed, subsequently parts with his title, before the title of the condemnor becomes vested by actual payment of the damages, the right to damages passes to the succeeding owner as an incident to the land; and the one who owns the land at the time when the title to the easement therein becomes vested, is entitled to the assessed damages. *Obst v. Covell (In re Condemnation)*, 93 Minn. 30 (100 N. W. 650). A person to whom damages are awarded in the first instance has no vested right to receive them until the final order to open the road is made; and, if the owner' conveys before this order is made, the right to receive the damages passes to the vendee, and if they have been paid to his vendor, to whom they were assessed, the vendee may recover of him. *Meginnis v. Nunamaker*, 64 Pa. St. 374.

15 Cyc., page 797, sums up the rule by saying that, in general, where property is conveyed during condemnation proceedings, and before possession is taken, the person entitled to the compensation is the one who owns the premises when possession is taken; that, therefore, the vendee is entitled to the damages, where the land is conveyed to him after the award but before there has been a final confirmation. And see *Quade v. Columbia & Port Deposit R. Co.*, 233 Pa. St. 20 (81 Atl. 813).

3-a

We think *Conklin v. City of Keokuk*, 73 Iowa 343, at 346, is against, rather than for, appellant. Its essential decision is that an accrued right to damages to land passes to

the administrator, and an unaccrued one to the heirs,—that is, to those who will be owners when the injury is done. In *Larson v. Webster County,* 150 Iowa 344, at 349, we held no more than that, on an inquiry as to the amount of damages, instructions which used establishment and construction interchangeably were not misleading. We say that, for the purpose of ascertaining damages, these words are so closely related and so bound together as to be quite inseparable; that, technically speaking, the mere establishment of a ditch by official action does not, of itself, work damage to claimants' farm, and yet the prospective damage must be inquired into and ascertained after such establishment, and even before the actual construction; that the damages in such case are measured and ascertained on the theory that there will be a construction of the ditch, and it sometimes happens that trial on appeal is had in the district court after the actual construction has taken place; that, therefore, the interchangeable use of these terms in such a case as this is not misleading; and that the terms are, in a certain sense, synonymous in such case, because, ordinarily, it will make no practical difference which point of time is taken for the comparison of values, unless it be made to appear that the difference in value is greater or less at one point of time than at the other.

*King v. Mayor, etc., of N. Y.,* 102 N. Y. 172 (6 N. E. 395), does not hold that the right to damages accrues when the same are fixed and ascertained, but that, if a road is actually closed before the damages are fixed and ascertained, the right to such damages remains in a vendor, before award is made, unless the damages are assigned in the deed. In *Hilton v. City of St. Louis,* 99 Mo. 199, 208 (12 S. W. 657, at 659), there is a dictum in these words:

"If Hilton was only the purchaser of the lots subsequently to the damages being assessed, such damages would not pass to him by the deed of Tanner, if he received one,

even though such damages were not specially reserved in the deed."

*Losch's Appeal,* 109 Pa. St. 72, is cited in support. The last case holds merely that such damages are a personal claim of the one who was owner of the property "at the time the injury occurs," and therefore do not run with the land, or pass by a deed thereof, although not specially reserved; further, that it is immaterial the deed is made after the damages have been assessed but before the vendor's right of appeal has expired.

IV. We find no merit in the contention that the relief granted is not within the issues, and are of opinion that this relief is warranted by the specific issues made in pleading, and, in any view, by those and by the prayer for general equitable relief.

We conclude that the decree below must be, and it is,— *Affirmed.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.